**THE MASTERBILT CORPORATION**, a Florida corporation, v. **S. A. RYAN MOTORS INC.**, of Miami, a Florida corporation, and **TWENTY-THIRD STREET REALTY CORPORATION**, a Florida corporation.

6 So. (2nd) 818                                        Division B
March 6, 1942                      Rehearing Denied March 31, 1942

Meyer, Davis & Weiss, for appellant.

E. L. Lockhart and Mitchell D. Price, Zaring, Florence & Kirchik, for Appellees.

CHAPMAN, J.:

The record in this case discloses that on the 28th day of April, 1937, the Twenty-Third Street Realty Corporation was the owner of Lots 2 and 4, and the East 25 feet of Lot 6, Block "C" of the Ocean Front Property of the Miami Beach Improvement Company. On said date it leased said property to S. A. Ryan Motors Inc. of Miami for designated amounts, and the lease ending on May 31, 1944. On May 15, 1940, the S. A. Ryan Motors Inc. executed a sub-lease to Steinberg's Florida Restaurant, Inc., a portion of Lots 2 and 4 and East 25 feet of Lot 6, terminating on May 20, 1944, and the sub-lessee immediately went into possession. The property described in the sub-lease to Steinberg's Florida Restaurant, Inc., had been used as an automobile display room and the sub-lessee desired to convert the same into quarters suitable for a restaurant. The two leases in question were reduced to writing, signed by the parties, and copies thereof appear in the record.

On December 5, 1940, the Twenty-Third Street Realty Corporation, in writing, gave its consent to S. A. Ryan Motors Inc., to remodel the building suitable to the use and operation of a restaurant, on conditions not material to recite, and employed language, in part, viz.:

"Whereas the Lessee now desires to make certain alterations in said building in accordance with plans and specifications prepared by Donald G. Smith, architect of 463 Forty-First Street, Miami Becah, Florida, which said plans and specifications are initialed by the parties hereto, and so that the said remodeled building may be used for the operation of a restaurant, and in accordance with the proposal of S. A. Ryan Motors

Inc., of Miami, addressed to Twenty-Third Street Realty Corporation, under date of November 15, 1940."

The alterations necessary to convert the building into a restaurant to be used and operated by Steinberg's Florida Restaurant, Inc., were approved by the owner. The sub-lessee employed the Masterbilt Corporation to make the necessary alterations according to plans and specifications approved by the owner and the total cost thereof, inclusive of certain fees and profits, amounted to $17,794.12, and of said amount the sub-lessee paid $3,000.00, leaving a balance due in the sum of $14,794.12. The sub-lessee, viz., Steinberg's Florida Restaurant, Inc., failed to pay installments of rent due under its lease to S. A. Ryan Motors Inc., when suit was instituted and the sub-lessee was evicted from the premises on February 8, 1941. The Steinberg's Restaurant, Inc., became wholly insolvent.

The Masterbilt Corporation claimed a mechanics lien under the provisions of Chapter 17,097, Laws of Florida, Acts of 1935, against the property for the alterations and improvement for restaurant purposes in the sum of $17,794.12 as against the owner and lessor, Twenty-Third Street Realty Corporation, and S. A. Ryan Motors Inc., a lessee, and Steinberg's Florida Restaurant, Inc., a sub-lessee. The notice or claim of lien recited that the last item of labor and services performed and the last item of materials furnished for said project was on the 16th day of January, 1941, by the Masterbilt Corporation.

On February 20, 1941, the Masterbilt Corporation filed in the Circuit Court of Dade County suit to foreclose its alleged mechanics lien against: (a) the Twenty-Third Street Realty Corporation, owner and

lessor; (b) the S. A. Ryan Motors Inc., lessee; and (c) Steinberg's Florida Restaurant, Inc., sub-lessee. Notice of lis pendens in the form prescribed by Chapter 17,097, *supra*, was filed. The original bill of complaint was subsequently amended to present the theory that the alteration of the building to make it suitable for the use of a restaurant business, under plaintiff's contract with the sub-lessee, Steinberg's Florida Restaurant, Inc., constituted improvements under the provisions of Chapter 17,097, *supra*, such as would entitle the plaintiff to maintain a suit to foreclose the lien against the owner-lessee and sub-lessee, and the respective interests of each, in and to real property improved for the value of the improvements under the contract with the sub-lessee. The contract between the plaintiff and sub-lessee for the alteration or conversion of the premises into a suitable place for the operation of a restaurant does not appear in the record. Attached to the amended bill of complaint and by appropriate language made a part thereof, are copies of the several leases, consent, argreement, contractor's affidavit, claim of lien, and copies of the pleadings filed in the county judge's court in the removal of tenant proceedings by S. A. Ryan Motors Inc. v. Steinberg's Florida Restaurant, Inc.

The Twenty-Third Street Realty Corporation and S. A. Ryan Motors Inc. filed separate motions to dismiss the amended bill of complaint on substantially the same grounds and pertinent grounds thereof are: (a) the amended bills of complaint and exhibits fail to show any privity between the plaintiff and the defendants; (b) a cautionary notice required by the statute is not shown to have been served upon either defendant; (c) the defendants are sought to be

charged under the terms of the contract between plaintiff and Steinberg's Florida Restaurant, Inc., and neither was a party to said contract; (d) it is not shown that the plaintiff contracted with the owner, or its lessee; (e) the plaintiff failed to give written notice required by Chapter 17097, *supra,* before the work started, or within thirty days thereafter, or on the date of the completion of the laborers service, or the furnishing of materials; (f) the facts appearing in the amended bill of complaint fail to establish a lien against the owner or its lessee of the demised premises. The lower court entered an order sustaining the motion to dismiss made by the owner and its lessee and on a subsequent date overruled and denied a petition for a rehearing, and an appeal therefrom has been perfected to this Court.

The question for adjudication is viz.: Are the allegations of the amended bill of complaint and the exhibits, by appropriate reference made a part thereof, legally sufficient to establish an enforceable lien, under the several provisions of Chapter 17097, *supra,* against the owner and its lessee of the real estate improved for the balance due on the contract price for said impromements? There does not appear in the record attached to the amended bill as an exhibit a contract or document signed by, or bearing the signatures of the Twenty-Third Street Realty Corporation or the S. A. Ryan Motors Inc., authorizing the plaintiff below to furnish the labor and materials necessary to alter the building from an automobile display room to a place suitable for a restaurant.

It is contended that Exhibit "C," signed by the owner of the property and its lessee under date of December 5, 1940, quoted in part *supra,* when consid-

ered in the light of the provisions of subsection (2) of Section 3 of Chapter 17097, is legally sufficient to create or establish the lien. The signature or name of the plaintiff, nor the Steinberg's Florida Restaurant, Inc., does not appear on this consent agreement. It recites that the S. A. Ryan Motors Inc. desired to make alterations in said building in accordance with plans and specifications prepared by an architect. The purpose of the alteration was to permit its use as a restaurant. Paragraphs 24 and 25 of the lease between the owner and its lessee are viz.:

"Twenty-fourth: It is distinctly understood and agreed that the lessee shall make all alterations, do all painting and any interior work at the lessee's own expense, after first securing the written consent of the lessor.

"Twenty-fifth: Notwithstanding any other provisions of this lease, it is understood and agreed that the lessor will, on or before June 1st, 1937, repair the roof on the building now on the leased premises, with a new tarred composition roof, and that thereafter, during the full term of this lease, and any renewal under the option herein granted, the lessee is to make all necessary repairs to the leased premises, this including both interior and exterior repairs."

The owner's consent for alterations of the building so that the same could be used as a restaurant was first to be obtained in writing as a prerequisite. The owner simply examined the plans and specifications as prepared by the architect and granted its formal approval. The consent of the owner for the improvements according to the plans did not confer on or grant to the Masterbilt Corporation the authority to do the work. In fact, it nowhere appears that the owner

of the property, or its lessee, knew or had negotiations with it in any manner incident to the alterations. If the owner was to obligate its property to the lien of the act, certainly some instrument in writing should have been prepared and signed. Sub-sections (1) and (2) of Section 3 of Chapter 17097 provided an attaching date of the lien and the extent thereof.

The Masterbilt Corporation had no agreement or contract with the owner, or its lessee, for the furnishing of labor and materials and the construction work necessary to convert the show room into a place suitable for a restaurant. If the appellant desired to create a lien on the property as against the owner, notice to the owner was necessary in accordance with the several provisions of Section 4, in the absence of a contract between the contractor and the owner.

It is asserted that the payment of $10,000.00 by the Steinberg's Florida Restaurant, Inc., to the owner of the property as an inducement to obtain its consent and approval of the alterations according to plans and specifications was legally sufficient to establish the lien. The payment of this sum of money by Steinberg's Florida Restaurant, Inc., as alleged, to the owner for the purpose of obtaining its approval of the plans of alteration, is not evidence of a contract of construction between the Masterbilt Corporation on the one part and the owner and its lessee on the other. The Steinberg's Florida Restaurant, Inc., prior to making the payment, had within its power to demand an instrument of writing setting forth the terms and conditions under which the payment was to be made, but we find nothing in the record to establish the condition of the payment, except the consent agreement signed by the owner and its lessee.

The reason or purpose for giving the statutory notice of an intention to claim a lien as against the owner was by this Court considered and decided in Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710. A mechanic or materialmen's lien is statutory and before a person may have such a lien, it is necessary that there be a substantial compliance with the several statutory provisions. See Southern Paint Mfg. Co. v. Crump, 132 Fla. 799, 182 So. 222; Browne v. Park, 144 Fla. 696, 198 So. 462; Buker v. Webster, 140 Fla. 471, 191 So. 835; Hendry Lumber Co v. Bryant, 138 Fla. 485, 189 So. 710; Dodson v. Fla. Nursery & Landscape Co., 138 Fla. 887, 190 So. 695.

We fail to find error in the record and accordingly the decree appealed from is hereby affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.