PEARSON, Judge.
Appellant, as plaintiff, sought enforcement of a lien against the owners of the fee, for architectural services rendered to a a lessee. See Sections 84.02, 84.03(2) Fla. Stat., F.S.A. Although the complaint alleges that the land was cleared, the property staked out, and a sign erected by the lessee, no work was undertaken pursuant to the plans prepared by plaintiff. Upon motion for summary final decree by defendant it conclusively appeared that the lease in question was never delivered. During the period in which plaintiff’s work was performed, the prospective lessee and lessor were negotiating for a lease, and a proposed lease was signed and placed in escrow pending the procurement by the lessee of construction funds. These funds were never procured and the leasehold interest never came into being. Based upon this established fact, the Chancellor entered a summary final decree for the defendant fee owners. The decree is affirmed.
Section 84.03(2), supra, is a portion of the mechanics’ lien law. Since such a lien is purely statutory it is necessary that there be a substantial compliance with the statute for the lien to come into existence. See Masterbilt Corporation v. S. A. Ryan Motors, Inc., 149 Fla. 644, 6 So.2d 818, and cases cited therein. In Brenner v. Smullian, Fla.1955, 84 So.2d 44, 46, involving this subsection it was stated:
“The above section has been construed by this court to make the lessor’s interest in the property liable for any construction work done by the lessee only if the lease agreement required the lessee to make the alterations or to effect the improvements involved. An acquiescence on the part of the lessor to the improvements does not render the interest of the lessor liable but affects only the interest of the lessee in the premises.”
 Without the existence of a lease there was no privity between the plaintiff and the defendant. See Lee v. Sas, Fla.1951, 53 So.2d 114. The law recognizes the right of a person to execute a deed or other instrument conveying an interest in property and place it in escrow to be delivered only upon the happening of certain contingencies. When the deed is not delivered out of escrow nothing passes. Houston v. Adams, 85 Fla. 291, 95 So. 859; Bould v. Coe, Fla.1953, 63 So.2d 273. The Chancellor correctly concluded that when it was established that plaintiff’s employer never had a lease, plaintiff could not have a statutory mechanics’ lien.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.