PEARSON, Associate Judge.
The appellant as plaintiff brought a complaint to foreclose a mechanics’ lien against the appellee as fee owner of the land involved. The error assigned is the dismissal of the complaint. The judgment of dismissal is affirmed.
The complaint alleged that the plaintiff was a bulldozer operator engaged in the clearing of land, and that the defendant, Tomolca Land Company, had given a ten-year lease to the U. S. Department of Commerce, Civil Aeronautics Administration upon the land subsequently cleared. The lease, which is by reference made a part of the complaint, contained the following provision: “The owner hereby grants the government the rights and privilege to cut all trees from the tract of land as described below, and to remove any structures which may be considered by the government to interfere with the operation and proper functioning of the navigational aid described as follows: V. H. F. Radio Facility located at Daytona Beach, Florida. The word 'trees’ shall be inclusive of brush and undergrowth within the tract of land as described below, but shall not include standing crops other than trees.”
A further portion of the lease read: “Upon acceptance of this agreement by both parties, the owner agrees to cut and remove all timber that he considers valuable within sixty (60) days. The remaining trees and underbrush shall be cut and removed by the government as it sees fit * * In an additional paragraph the fee owner reserved the right to cut trees for timber during the existence of the agreement and to use the land for pasturage and for farming.
The complaint sets forth that the Civil Aeronautics Administration, as lessee, entered into a contract with the Queens Construction Company of Atlanta, Georgia, for *897 the clearing of the land. This company orally subcontracted the bulldozer operation to the plaintiff and after the plaintiff had done the labor necessary, “to clear the timber, landscape the grounds and make other improvements to defendant’s land,” the contractor failed to pay him. The plaintiff filed a claim of lien against the owner of the fee title and claimed said lien pursuant to the provisions of section 84.03(2) Fla.Stat., F.S.A. This section is as follows :
“Except as provided in §§ 84.12 and 84.13, such liens shall extend to, and only to, the owner’s right, title or interest existing at the time of the visible commencement of operations or thereafter acquired in the real property (not exceeding forty acres of land). When an improvement is made by a lessee, in accordance with a contract between such lessee and his lessor, liens shall extend also to the interest of such lessor. If any part of the real property subject to such liens be removed before the discharge thereof, such removal shall not affect the rights of lienors in respect to either the remaining real property or the part so removed.”
There is no doubt that the property of a lessor may be charged with a mechanics’ lien where the lease contract required the lessee to make a designated improvement. Brenner v. Smullian, Fla.1955, 84 So.2d 44. This is true whether the lessee’s obligation is expressed or implied. Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648. The provisions of the statute were broadened by judicial interpretation in Anderson v. Sokolik, Fla.1956, 88 So.2d 511, 514, to include a lease which did not by its terms require the lessee to make improvements, but the lease by its terms made it obvious that: “both parties knew that the improvements were the pith of the lease and except for them the lease would not have been executed.”
We do not find that the instant case comes within the statute. There is no allegation that the lessee was required by the terms of the lease to bulldoze the land. It is cleár that the cutting of trees and brush was at the lessee’s option and for its benefit, and it cannot be successfully contended that the lessee had an implied obligation to remove trees which did not interfere with the operation of the beacon. Finally we do not find that a fair reading of the lease impels the judicial conclusion that the pith of the undertaking was “to clear the timber, landscape the grounds and make improvements to defendant’s lands.”
Affirmed.
WIGGINTON, Acting C. J., and CROSBY, HAROLD B., Associate Judge, concur.