PEARSON, Judge.
Plaintiff appeals from an order dismissing its action to foreclose a mechanic’s *708 lien. The chancellor granted the motions of certain defendants to dismiss them from the suit and granted a summary decree for certain others, but the effect was that the plaintiff suffered a dismissal of its action as to all defendants. The appellant brought its action against the following: Albert W. Wright and Emma Louise Wa-terfill, owners of the fee, Peter Satos and Peter J. De Guardia, owners of the leasehold, who were improving the property, and La Salle Building Corporation, general contractor, with whom the lienor had contracted.
The owners of the land involved leased the vacant land to the lessees who undertook to improve it, although neither the lease agreement nor any collateral agreement disclosed by the record required them to do so. The improvement undertaken was the erection of a public eating establishment of the type commonly referred to as a diner. These restaurants originally resembled a railway dining car and it appears that they are now even more elaborate. At any rate, the one placed upon the property leased required a service building and extensive plumbing. The main unit of the diner was purchased from a manufacturer who delivered it to the owners of the leasehold interest under a conditional sales contract. The lessees employed a general contractor to construct the service building, place the main unit upon a proper foundation, and install the plumbing and electric service connections necessary. The plaintiff was employed by the general contractor as the plumbing subcontractor. He furnished materials and labor and upon completion of his work brought this action to procure payment of a balance alleged to be due.
The appellant urges reversal of the decree dismissing the action as to the owners of the fee upon the basis of Anderson v. Sokolik, Fla.1956, 88 So.2d 511. It is contended that the lease to the premises contemplated the improvements made within the meaning of the language in the opinion above mentioned. An examination of the lease involved reveals that the chancellor was correct in his conclusion that the lease did not in its language or by implication provide for the construction of an improvement upon the land. Nor is there in the record any allegation or proof of a separate agreement between the lessor and the lessee which provided for the improvement of the land. Tom Joyce Realty Corp. v. Herman Popkin & Son, Fla. App.1959, 111 So.2d 707, 711. We therefore conclude that the decision of the chancellor is not in conflict with the opinion in Anderson v. Sokolik, supra. Cf. Brenner v. Smullian, Fla.1955, 84 So.2d 44; Dills v. Tomoka Land Co., Fla.App. 1959, 108 So.2d 896.
Having determined that the chancellor correctly found the plaintiff’s lien could not attach upon the fee, the decree will be affirmed insofar as the appellees Wright and Waterfill are concerned. It is still necessary, however, to discuss certain further matters urged in appellees’ brief, because if the positions taken therein are correct the conclusions would bar the existence of a lien against all defendants.
The appellees contend that no lien could attach to either the fee or the leasehold because the improvement erected was a diner which was purchased as a unit by the lessees under a conditional sales contract whereby the title of the diner did not pass to the purchaser. It is clear that the diner was of a stationary type and that it was placed upon the land and affixed thereto. The private contract between the lessees and the manufacturer from whom they purchased the diner unit cannot govern the question of whether the improvement shall be treated as realty or personalty in this suit. The appellant, lienor, was not a party to the contract and was not bound by the description of the improvement contained in the contract of purchase.
*709 It is next suggested that no lien could exist because of a provision in the contract between the plaintiff and the general contractor, that the materials supplied should remain personal property and subject to a right of the plaintiff to repossess them, until the materials were fully paid for. This provision in the contract between the general contractor and the lienor was obviously an attempt to protect the lienor by a security device. Regardless of the possible effectiveness of such a device it cannot govern the rights of the lienor because they are governed by the inclusion of his labor and materials into the realty. Further, by the filing of the claim of lien the appellant has elected to treat the materials involved as having been supplied and has abandoned any other secured interest that he may have claimed in the materials after they were delivered to the site. There is nothing in the record to suggest that any of the persons, against whom claim is now made, were in any way prejudiced by the existence of a different remedy, if such existed. We conclude therefore that the appellant is not estopped to assert a mechanic’s lien by this provision in his contract with the general contractor. Cf. Miami Gardens, Inc. v. Conway, Fla. 1958, 102 So.2d 622; Perry v. Benson, Fla. 1957, 94 So.2d 819.
The appellee-general contractor and appellees-owners of the leasehold interest, although properly made parties to this appeal, have not appeared nor have they filed briefs. We are at a loss to understand the theory by which they were dismissed from this cause. It is apparent that the inability of the appellant to enforce a lien against the fee can in no way affect his right to enforce his lien against the leasehold interest. It is also apparent that his right of action against the general contractor is not terminated by his inability to establish a lien against the fee. We therefore conclude that the decree must be reversed insofar as it dismissed the suit against the owners of the leasehold and the general contractor.
The decree entered herein is affirmed insofar as it dismissed the action against the owners of the fee and is reversed insofar as it dismissed the action against the other defendants, and the cause is remanded for further proceedings against the defendants who are not dismissed.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., J., concur.