TILLMAN PEARSON, Judge.
The plaintiff appeals from an order of the circuit court dismissing his complaint and transferring the cause to the Civil Court of Record in and for Dade County, Florida. The complaint was for the foreclosure of a mechanic’s lien against the equitable interest of the defendants, John Joseph Blake and Margaret G. Blake in certain real property. The equitable interest was created by a trust agreement, which gave the legal title of the property involved to the Florida National Bank and Trust Company with the beneficial interest in the Blakes. The plaintiff prayed for an accounting, that the trust agreement referred to be declared invalid, and for foreclosure of his lien.
The first question which is presented is whether or not the order appealed is an appealable order. It is apparent from an examination of the order itself that it does not purport to finally dispose of the subject matter of the litigation. Ordinarily, orders to transfer from one court to another are not considered final orders. Inasmuch as this order is appealable as an interlocutory order we have undertaken to hear the appeal and will consider it for the purposes of this opinion as an interlocutory *417 appeal. See Welch v. Graves Brothers Co., Fla.App.1960, 117 So.2d 853. Cf. Hensley v. Palmer, Fla.1952, 59 So.2d 851; Beck v. Barnett Nat. Bank of Jacksonville, Fla.App.1960, 117 So.2d 45.
The controlling question is whether or not the mechanics’ lien act provides for foreclosure against an equitable ownership in property.- It is well established that in order to have á statutory lien the plaintiff must bring himself under the terms of the statute. E. g., Sheffield-Briggs Steel Products, Inc. v. Ace Concrete Service Co., Fla.1953, 63 So.2d 924; Grossman v. Pollack, Fla.App.1958, 100 So.2d 660.
Section 84.01, Fla.Stat., F.S.A., provides for liens under certain circumstances against the interest of an “owner”. This section defines owner as follows:
“ ‘Owner’ means the owner of real property or any interest therein who enters into a contract for the improvement of such real property and who may be the owner in fee of the real property, or of a lesser estate therein, a lessee for a term of years therein, a person having any right, title or interest in the real property which may be sold under legal process, or a vendee in possession under a contract for the purchase of the real property or any such right, title or interest therein.”
In addition, section 84.11, Fla.Stat., F.S. A., “Liens for improving lands in which contracting party has no interest”, provides as follows:
“When the person contracting for improving real property has no interest as owner in the land, no lien shall attach to the land, except as provided in § 84.12 but if removal of such improvement from the land is practicable, the lien of a lienor shall attach to the improvement on which he has performed labor or services or for which he has furnished materials. * *
The chancellor concluded that under these sections there could be no lien against an equitable interest. We hold this to be error. It has been established in Florida that a mechanic’s lien may attach to an equitable interest in land since the word “owner” includes the owner in equity as well as at law. Chapman v. St. Stephens Protestant Episcopal Church, 105 Fla. 683, 136 So. 238, 241, 138 So. 630, 139 So. 188, 145 So. 757, 84 Á.L.R. 566; and see cases cited at 36 Am.Jur., Mechanics’ Liens § 84 and 57 C.J.S. Mechanics’ Liens § 16.
Therefore, under the allegations of the complaint the plaintiffs may be entitled to a mechanic’s lien upon the equitable interest in the land. The order dismissing the complaint and transferring cause to the Civil Court of Record of Dade County is reversed, and the cause is remanded with directions to proceed in accordance with the principle expressed in this opinion.
Reversed and remanded.
HORTON, C. J., and CARROLL, CHAS., J., concur.