HORTON, Chief Judge.
This is an appeal from a final judgment in a mechanic’s lien foreclosure proceedings, dismissing the appellant’s amended complaint. The appellant sought to subject the fee simple interest of the appellees to its mechanic’s lien. The appellees were the owners and lessors of certain real property.
The appellant alleged that pursuant to two written proposals entered into with a general contractor and the owner of the leasehold estate, it had furnished materials, labor and services to the realty in question for which it had not been fully paid; that it had complied with all statutory requirements necessary to maintain a foreclosure action. Further, appellant alleged that pursuant to the 99-year lease executed by the appellees as lessors, “the lessee covenanted with the lessor to keep the leased premises in good repair and in a clean and whole *117 some and tenantable condition and further the lessee agreed to make improvements to and upon the leased premises.” This 99-year lease, which was attached to and made a part of the complaint, further required the lessee to make improvements to the demised premises by constructing thereon a permanent building or buildings. In addition, the lease provided that no lien should arise or be created for labor or materials or otherwise against the land superior to the rights of the lessors, and further provided that the lessee would not make any written contract in connection with repairs or improvements on or about the demised premises without first providing in such contract that no such lien would arise.
In considering this case, we observe, as did the court in Wiley v. Dow, Fla.App. 1958, 107 So.2d 166, 168:
“Since the judgment appealed from granted the motions to dismiss the amended complaint, the principle question before us is a question of pleading — whether the amended complaint stated a cause of action against the defendants ; whether, in other words, if the allegations of the amended complaint were proved, the defendants would be liable to the plaintiff for damages. See Connolly v. Sebeco, Inc., Fla., 89 So.2d 482, and Stone v. Stone, Fla.App.1957, 97 So.2d 352.”
In testing the sufficiency of the amended complaint on the hearing on defendants’ motion to dismiss, the trial court was required to consider as true those allegations that were well pleaded, and determine if a cause of action under applicable principles of law existed. See Binz v. Helvetia Florida Enterprises, Fla.App.1958, 104 So.2d 124.
 In addition to urging the general principle that the amended complaint failed to state a cause of action, the appellees have raised other questions with which we will not deal, since we consider the same to be affirmative defenses not properly raised by motion to dismiss. However, the appellees do contend that the affirmative allegations of the amended complaint show that a partial release of lien was given by the appellant and, therefore, it would, under the rule in Jowein, Inc. v. Sudy Realty Corporation of Florida, Fla.1954, 73 So.2d 227, and Westinghouse Electric Supply Co. v. Levin, Fla.App.1959, 115 So.2d 423, constitute a release of lien of the entire job. These cases do not stand for the proposition that a partial waiver, as such, constitutes a general waiver or release of lien; any such interpretation is gratuitous and unwarranted. This is particularly so here because the contents of the alleged partial release are not before the court. In support of their argument that the amended complaint affirmatively shows the execution of a partial release or waiver of lien, we are cited to the following portion of the amended complaint :
“That on or about December 9, 1957, the Plaintiff executed a partial release in the amount of Two Thousand and 00/100 ($2,000.00) Dollars in consideration of a note in the said sum of Two Thousand and 00/100 ($2,000.00) Dollars, executed by the Garden of Allah, Inc., leaving at present a total balance due and owing to the Plaintiff of Three Thousand Five Hundred Twenty-One and 20/100 ($3,521.00) [sic] Dollars.”
The allegation by the lienor of acceptance of an unsecured note for a portion of the amount of its demand does not show a waiver of any portion of the lien, unless expressly so agreed in writing. This is so by the expressed provisions of § 84.26, Fla. Stat., F.S.A. Upon appropriate issues made by the pleadings, the effect of the alleged note and partial release may be the subject of future adjudication by the chancellor.
 The mechanic’s lien law provides: “When an improvement is made by a lessee, in accordance with a contract between such lessee and his lessor, liens shall extend *118 also to the interest of such lessor[1]." Where, as here, it affirmatively appears from the amended complaint that the labor and materials were furnished to the lessee, as contemplated by the parties to the lease, upon proof thereof, the lessor’s estate may be burdened with a mechanic’s lien. See Masterbilt Corporation v. S. A. Ryan Motors, Inc. of Miami, 149 Fla. 644, 6 So.2d 818; Lehigh Structural Steel Co. v. Joseph Langner, Inc., Fla.1949, 43 So.2d 335; Brenner v. Smullian, Fla.1955, 84 So.2d 44; Anderson v. Sokolik, Fla.1956, 88 So.2d 511; Dills v. Tomoka Land Company, Fla.App.1959, 108 So.2d 896; Tom Joyce Realty Corp. v. Herman Popkin & Son, FIa.App.1959, 111 So.2d 707; E & E Electric Co. v. Gold Coast 72nd Street Diner, Inc., Fla.App. 1959, 116 So.2d 660. Cf. Tremont Company v. Paasche, Fla.1955, 81 So.2d 489; North Dade Plumbing, Inc. v. LaSalle Building Corp., Fla.App.1959, 114 So.2d 707.
The courts have further held that a provision in a lease to the effect that the lessee is without power to subject the lessor’s interest in the leased premises to a mechanic’s lien does not prevent the acquisition of such a lien by a labor- or materialman dealing with the lessee if the lease requires the lessee to make the improvements. Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648; Anderson v. Sokolik, supra. In the Anderson case, Justice Terrell, in discussing a similar attempt by a lessor to evade Chapter 84, Fla.Stat., F.S.A., said [88 So.2d 515]:
“One cannot by contract read the clear intent of the legislature out of the books, neither can he, in the manner shown, contract the coat off the back of him who furnishes labor or material to improve his premises. Robert L. Weed Architect, Inc., v. Horning, supra. In historical setting, the very purpose of equity and the statutory mechanics’ lien was to prevent hardships like that pointed out in this case.”
It is our conclusion that the allegations of the amended complaint, when tested by the motion to dismiss, sufficiently state a cause of action against the appellees.
Accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.

. Section 84.03(2), Fla.Stat., F.S.A.