177 So.2d 66 (1965)
Jack JENNINGS, Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE CO., a corporation organized and existing under the laws of the State of Connecticut, Appellee.
Jack JENNINGS, Appellant,
v.
BEEMAN INVESTMENT COMPANY, a Florida corporation, Appellee.
Nos. 5917, 5918.
District Court of Appeal of Florida. Second District.
June 17, 1965.
Rehearing Denied July 20, 1965.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellant.
J. Thomas Gurney, of Gurney, Gurney & Handley, Orlando, for appellees.
ANDREWS, Judge.
This is an interlocutory appeal by Jack Jennings from an order dismissing his claim for an equitable lien against the properties known as the San Juan Hotel in Orlando.
The record title to the subject property is vested in Beeman Investment Company, which on October 23, 1923 leased said property for 99 years. The lease was duly recorded. In addition to the rental agreed to be paid, the lessee assumed and agreed to pay the bonded indebtedness of the landlord upon said property in the principal amount of $450,000. Connecticut General Life Insurance Company is the owner and holder of a note and mortgage executed and delivered by a prior lessee to secure the sum of $250,000 dated August 12, 1955, recorded August 25, 1955. The lessee interest was by assignment vested in Lasro Corporation, as successor lessee, on June 7, 1960.
Lasro Corporation contracted with Jack Jennings for improvements and alterations to the property at a cost in excess of $87,000. Upon completion of the work, Lasro Corporation was not able to pay for said improvements, and as a result executed and delivered to Jack Jennings its promissory note payable in installments in the amount of $63,263.40, upon which no payment was *67 made. Said note specifically provided that it did not waive any lien rights which Jack Jennings might have in the property. Claim of lien was duly filed as provided by Chapter 84, F.S.A. (1961), on May 9, 1963. Connecticut General commenced foreclosure proceedings of its mortgage on April 16, 1964.
The appellant here, Jack Jennings, was made a party defendant to said suit, and counterclaimed for the balance due him by Lasro in two counts, one based upon his right to a statutory lien, and the other claiming an equitable lien upon the subject land, premises and improvements. The trial court granted the motion to dismiss directed to the claim of equitable lien, as amended, with prejudice.
Beeman Investment Company was made a party to the foreclosure proceedings initiated by Connecticut General, and Jack Jennings filed separate suit for foreclosure of his claimed statutory and equitable liens against Beeman Investment Company.
Jennings insists that the covenants of the lease require the lessee to construct improvements and that, therefore, he is entitled to a lien against the interest of the lessor under the rule set forth in Anderson v. Sokolik, Fla. 1956, 88 So.2d 511.
The provisions of the lease which refer to improvements to the property are as follows:
"THIRD: The Tenants covenant and agree that they will, during the term of this lease, at their own expense, keep, preserve and maintain the said premises and any and all buildings and improvements that may at any time be upon said premises, or erected and placed upon said premises, in a proper, safe, tenantable, good and substantial state of repair and condition, and will from time to time, make or cause to be made all needful and proper repairs, replacements and improvements, all to be free from any and all mechanic's liens and any and all incumbrances which may be filed or recorded against said premises, or to the land hereby demised, or to the Landlord's estate therein.
"FIFTH: The Tenants shall take good care of the demised premises and appurtenances and the new building or buildings to be erected thereon as hereinbefore provided, and shall suffer no waste or injury thereto, and shall make as and when needed all repairs inside and outside, ordinary as well as extraordinary, in and about the said premises, and new building or buildings and the fixtures and appurtenances necessary to preserve them at all times in good order and condition, which repairs shall be in quality and class equal to the original work, and the Tenants shall promptly pay the cost and expense of such repairs and take such action as will secure the discharge of any mechanics' liens, claims or demands, notice of which may be filed against the premises, for or purporting to be for labor or materials furnished or alleged to have been furnished to or for the Tenants, in default whereof the Landlord may pay and cause such liens, claims or demands to be discharged, and any amount so paid, together with accrued interest thereon, shall be and become additional rent. The Tenants, however, may, at their own expense, contest any such lien, claim or demand which they deem unlawful, invalid or excessive.
"TWELFTH: All improvements made by the Tenants to or upon the demised premises which shall be attached to the freehold shall, when made, become the property of the Landlord, and at the end or other expiration of the term, shall be surrendered to the Landlord."
The issue presented this court in both cases is whether or not Jack Jennings under the covenants of the lease and pleaded facts is entitled to an equitable lien against the *68 San Juan Hotel properties of Beeman Investment Company.
An equitable lien has been defined as a right not provided by law to have specific property stand for a particular debt. To entitle one to such a lien there must be circumstances such as fraud or misrepresentation of essential facts upon which the lender or contractor relied in good faith, or there must be an agreement by the owner of the property to have certain property stand as security for a specific obligation. Jones v. Carpenter, 1925, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409.
There is no allegation of fraud or misrepresentation or that Jennings had any dealings with the owner, and therefore, for Jennings to prevail it must be found that under the provisions of the lease, he was entitled to a lien against the fee title.
To recognize this contention as valid, we must construe the above quoted paragraphs of the lease required the lessee to make the improvements and alterations which were made by lessee and to thereby obligate the landlord to subordinate its rights under the lease for the cost of any additions or improvements that might be made to the property.
It would appear that the holding in Anderson v. Sokolik, supra, permits equitable liens under similar provisions of a longterm lease. However, in that case the lease was upon vacant property upon which improvements would be required in order to justify the amount agreed to be paid in rental. Under such circumstances, the court held that the fee title could be obligated for liens incurred in making said improvements by the lessee.
Such is not the situation in the case before the court here in that the improvements described in the lease were already constructed and the tenant assumed and agreed to pay the existing mortgage on said improvements. The terms of the lease cannot be construed to make the lessor liable for any improvements in any amount at any time made on the land by the lessee. In order for a contractor to be entitled to a lien for materials and labor for improvements under a contract with the lessee, the lease must require the lessee to make such improvements, not just contemplate or intend that improvements be made. Robert L. Weed, Architect, Inc. v. Horning, 1947, 159 Fla. 847, 33 So.2d 648; Brenner v. Smullian, Fla. 1956, 84 So.2d 44; Masterbuilt Corporation v. S.A. Ryan Motors, Inc., 1942, 149 Fla. 644, 6 So.2d 818; Anderson v. Sokolik, supra, Dissenting opinion by Chief Justice Drew. The lessor's interest in a long term ground lease is more akin to that of a mortgagee than of an ordinary fee simple owner. 1957, 10 Fla.L.Review 10.
Accordingly, the Order dismissing the claim for equitable lien is affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.