PER CURIAM.
The appellant is a subcontractor and lien claimant on a building in Key West, Florida. The appellees Cooper are the owners of the real property and the appellee Ribas Engineering Construction Company is the contractor. This appeal is from a final judgment finding that appellant did not have a valid statutory claim of lien. In addition, the judgment denied the existence of an equitable lien on the property.
The appellant urges error upon the court’s denial of relief under the lien statute and upon the denial of his claim for an equitable lien. The appellee, Ribas Engineering, has cross-assigned error alleging *785 that the evidence is insufficient to support a judgment against it as the contractor for the amount appellant Lopez Terra zzo claims is due and unpaid to them on the jok
We find no error in the denial of the equitable lien. See Jennings v. Connecticut General Life Ins. Co., Fla.App. 1965, 177 So.2d 66.
An examination of the record reveals that appellee Ribas Engineering has failed to demonstrate reversible error in its cross-assignment. It affirmatively appears that there is sufficient evidence, taken together with the admissions in the record, to provide a prima facie case for a money judgment against the appellee.
 Turning to appellant’s first point, which alleges error in the denial of relief under the mechanic’s lien statute, we find that the trial court correctly determined that the appellant had failed timely to comply. with the requirements of § 713.-06(3) (d)(1), Fla.Stat. Appellant’s failure timely to comply with the “notice to owner” requirement was a sufficient basis for the denial of a statutory lien on appellee-owner’s property. The only question presented is whether appellant was entitled to participate in any balance remaining after the payment in full of all “priority lienors.” There is evidence in this record that litigation is now in progress between the contractor and the owner as to a balance due. We think that in the interest of justice this cause should be remanded to the trial court for the purpose of determining whether the appellant is entitled to participate in any balance remaining after proper payments from the owner to the contractor and the payment to “priority lienors.” See Crane Co. v. Fine, Fla.1969, 221 So.2d 145.
Affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion.