309 So.2d 219 (1975)
EDWARD L. NEZELEK, INC., Appellant,
v.
FOOD FAIR PROPERTIES AGENCY, INC., and Food Fair Properties, Inc., Appellees.
No. 74-541.
District Court of Appeal of Florida, Third District.
March 11, 1975.
Gustafson, Caldwell, Stephens & Ferris, Ft. Lauderdale, for appellant.
Aronovitz & Weksler, Miami, for appellees.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
The appellant filed a complaint seeking to foreclose a mechanic's lien against *220 property owned by the defendant, Food Fair Properties, Inc. (hereinafter Properties) and managed by the defendant Food Fair Properties Agency, Inc. (hereinafter Agency).
The trial court, following a non-jury trial, entered final judgment in favor of the defendants, and the appellant instituted this appeal. We affirm.
Appellant contracted with the lessee of the appellees, Tabacco Village, to perform certain improvements to the lessee's premises located in the 163rd Street Shopping Center, in Dade County. The contract price was $7,876.00, the same amount sought to be satisfied by the lien filed against the appellees.
The work was commenced on or about November 25, 1970 and completed sometime in February, 1971. Appellant did not file a notice of commencement or an affidavit that all subcontractors had been paid in accordance with Fla. Stat. § 713.06(2)(a) and (3)(d)(1), F.S.A.
Instead, on May 6, 1971, the appellant filed a claim of lien against the appellees (incorrectly naming Agency as the owner of the property).
In its complaint seeking to foreclose upon the lien, appellant advanced several theories. First, appellant sought to establish a statutory lien. Alternatively, it was averred that appellant was entitled to recover under counts of the complaint seeking to establish the following: an equitable lien; a principal-agency relationship, with appellees liable as the principal; unjust enrichment; and estoppel.
Before this court, appellant has re-asserted these grounds seeking to reverse the ruling of the trial court.
The appellant argues that as a prerequisite to recovery it was not necessary that it strictly comply with the provisions of Fla. Stat. § 713.06, due to the fact that it was seeking to establish its right to a statutory lien under the provisions of Section 713.10.[1]
The law is well-settled that under the statute where a lienor seeks to impose a lien upon the interest of the lessor, the improvements made by the lessee must be "in accordance with an agreement between such lessee and his lessor... ." E.g., Masterbilt Corporation v. S.A. Ryan Motors, Inc. of Miami, 1942, 149 Fla. 644, 6 So.2d 818; Anderson v. Sokolik, Fla. 1956, 88 So.2d 511; Tom Joyce Realty Corp. v. Popkin, Fla.App. 1959, 111 So.2d 707; North Dade Plumbing, Inc. v. La Salle Building Corp., Fla.App. 1959, 114 So.2d 707; Ideal Roofing & Sheet Metal Works, Inc. v. Katzentine, Fla.App. 1961, 127 So.2d 116; Jenkins v. Graham, Fla. App. 1970, 237 So.2d 330.
More specifically, "[I]t must be made to appear that the original lease by its terms required the work to be done or the lease by its terms made it obvious that the improvements were the pith of the lease." See, Tom Joyce Realty Corp. v. Popkin, supra, at p. 711. In the Tom Joyce decision, this court further stated:
"We do not find any decision holding that an owner or lessor subjects his property to a mechanic's lien for work done by a contractor for a lessee merely because he knows such work is taking place and fails to take action to stop such work. Moreover, the intent and letter of the statute is opposed to such a holding. The (Florida) Supreme Court has said on other occasions, and we echo it and emphasize it here, that a contractor, *221 laborer or materialman may receive full, adequate and complete protection at all times if he will but take the trouble to comply with the provisions of the mechanic's lien law which creates the lien in his favor in the first instance."
Reverting to the facts in the cause sub judice, we do not think that a fair interpretation of the lease at issue supports a conclusion that "the improvements were the pith of the lease."
Paragraph Fourteen of the lease, which is included in the record before us, in part contains the following provision:
"FOURTEEN. Tenant may, at its expense, make such alterations and improvements to the Demised Premises and install interior partitions as it may require, provided that the written approval of the Landlord be first obtained and that such improvements and alterations are done in a workmanlike manner in keeping with all building codes and regulations and in no way harm the structure of the Demised Premises....
"The Landlord reserves the right, before approving any such changes, additions, or alterations, to require the Tenant to furnish it a good and sufficient bond, conditioned that it will save Landlord harmless from the payment of any claims, either by way of damages or liens. All of such changes, additions, or alterations shall be made solely at the expense of the Tenant; and the Tenant agrees to protect, indemnify and save harmless the Landlord on account of any injury to third persons or property, by reason of any such changes, additions, alterations, and to protect, indemnify and save harmless Landlord from the payment of any claim of any kind or character on account of bills for labor or material in connection therewith." [Emphasis added.]
There is testimony in the record by Mr. Robert Salisbury, III, the appellant's project foreman, that the appellant knew Tabacco Village had a lease, but that appellant did not think it necessary to investigate the terms thereof.
Salisbury further stated that the appellant does a $20 million per year business, and that a "$7,800 contract would not put us in a financial bind."
We are convinced that the trial court did not err in concluding that the appellant failed to prove it is entitled to a statutory lien.
Nor do we think that under the facts of this case has the appellant demonstrated that it is entitled to a lien under equitable principles. See, Unkefer v. Merritt, Fla.App. 1968, 207 So.2d 726, quashed, Fla. 1969, 223 So.2d 723; Crane Co. v. Fine, Fla. 1969, 221 So.2d 145.
We have considered all the points raised by the appellant in its brief in light of the record and applicable principles of law, and have concluded that no reversible error has been demonstrated. Therefore, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] 713.10 Extent of liens.

Except as provided in § 713.12, liens under part I of this chapter shall extend to, and only to, the right, title and interest of the person who contracts for the improvement as such right, title and interest exists at the commencement of the improvement or is thereafter acquired in the real property. When an improvement is made by a lessee in accordance with an agreement between such lessee and his lessor, liens shall extend also to the interest of such lessor. In the absence of fraud on the part of the lessor, the interest of the lessor shall not be subject to liens for improvements made by the lessee when the lease is recorded in the clerk's office and the terms of the lease expressly prohibit such liability.