SCHEB, Judge.
Appellant installed carpeting in the ap-pellees’ new home, retaining a security interest and a contractual entitlement to pursue the remedies of a secured party under the Florida Uniform Commercial Code. The trial court held that this entitlement barred appellant from foreclosing a claim of lien against the appellees’ homeplace under the mechanics’ lien law. We disagree and reverse.
*1326 In March 1978 Rug Mart, Inc., installed carpeting in the Pelliccis’ new home pursuant to a written contract. The contract contained a provision whereby Rug Mart retained a security interest in the goods until the Pelliccis paid the total purchase price. It further provided that in the event the Pelliccis breached the contract, Rug Mart was entitled to the remedies of a secured party under Chapter 679, Florida Statutes (1979).[1]
When the Pelliccis failed to complete their payments, Rug Mart filed a claim of lien for the unpaid balance plus interest, and timely sued to foreclose its claim of lien under Chapter 713, Florida Statutes (1979). The Pelliccis moved to dismiss, contending that by the contractual provision they and Rug Mart implicitly agreed to treat the carpeting as personalty. Thus, they argued, the provision limited Rug Mart to the remedies of a secured party under the Uniform Commercial Code. The trial court granted the Pelliccis’ motion and dismissed Rug Mart’s complaint with prejudice. This appeal ensued.
We do not think the contract provision established Rug Mart’s sole remedy for breach or that the carpeting was personalty.[2] Rather, it merely entitled Rug Mart to pursue remedies available to a secured party under the Uniform Commercial Code.[3] Presumably, Rug Mart may have chosen to do so if the carpeting had not yet been installed when the Pelliccis breached the contract. By suing to foreclose its claim of lien, Rug Mart elected to treat the installed carpeting as realty and abandoned its right to treat the property as personalty and to pursue contractual remedies under the written agreement. See North Dade Plumbing, Inc. v. LaSalle Building Corp., 114 So.2d 707 (Fla. 3d DCA 1959). We hold that if Rug Mart can prove the allegations of its complaint, it is entitled to the remedy of foreclosure under Chapter 713, Florida Statutes (1979).
Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and OTT, J., concur.

. The contract provided:
CONDITIONS: It is agreed that a purchase money security interest is retained by the seller in the above described goods to secure such purchase price until the total amount above specified shall have been paid and that the goods covered in this contract shall not be removed from address where originally installed, without written consent of seller. Any violation of the above contract or failure to make payments as agreed shall entitle the seller to all remedies of a secured party under the Florida Uniform Commercial Code.

. Although not applicable in the present case, Section 713.01(7), Florida Statutes (1979), as amended by Chapter 77-353, Section 1, Laws of Florida (effective July 1, 1978), provides that furnishing carpeting or rugs to be permanently installed constitutes an improvement tc realty.

. Presumably, by retaining a security interest, Rug Mart would have had this right irrespective of the provision.