417 So.2d 1143 (1982)
BUDGET ELECTRIC COMPANY, Appellant,
v.
George STRAUSS, et al, Partners Doing Business As 138-42 Beach Street Associates, et al., Appellees.
No. 81-1498.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
*1144 Robert B. Worman, Orlando, for appellant.
Louis E. Conway of Raymond, Wilson, Conway, Barr, Burrows & Jester, Ormond Beach, for appellees.
COWART, Judge.
This case involves the question of whether a lienor under contract with a lessee is entitled to a lien against the lessor's interest in the leased property.
Appellant, who performed work on leased property under a contract with the lessee, claims entitlement to a mechanics' lien against the lessor's interest in the leased property, citing section 713.10, Florida Statutes (1981), Anderson v. Sokolik, 88 So.2d 511 (Fla. 1956), and Jenkins v. Graham, 237 So.2d 330 (Fla. 4th DCA 1970).
Prior to Anderson, case law subjected a lessor's interest to mechanics' liens for improvements contracted for by the lessee only where the lease expressly required the lessee to make the improvements.[1] The lease in Anderson did not expressly require improvements be made, but the court, reading the lease as a whole, found an implied obligation of the lessee to place buildings on the leased property. Appellant, however, relies on language in Anderson stating that the parties knew "that the improvements were the pith of the lease and except for them the lease would not have been executed." This language in Anderson is much broader than its holding which is that an obligation to improve implied from the terms of the lease is just as effective as an express obligation to improve in subjecting the lessor's interest to liens. The mere fact that the parties "contemplated" improvements or that the lessor knew that the lessee intended to improve the property and the lessor gave his consent or permission for the lessee to make improvements does not make the improvements the "pith" of the lease. See, e.g., Jones v. Wright, 391 So.2d 313 (Fla. 2d DCA 1980); Edward L. Nezelek, Inc. v. Food Fair Properties Agency, Inc., 309 So.2d 219 (Fla. 3d DCA 1975); Jennings v. Connecticut General Life Insurance Co., 177 So.2d 66 (Fla. 2d DCA 1965); Tom Joyce Realty Corp. v. Popkin, 111 So.2d 707 (Fla. 3d DCA 1959); Dills v. Tomoka Land Co., 108 So.2d 896 (Fla. 1st DCA 1959). Jenkins v. Graham appears to be contrary to these cases.
The test is: if, as part of the consideration for the lease, the lessee is required to make improvements under circumstances that the lessor could enforce that promise, then the leased property should be subject to the liens of parties contracting with the lessee to perform such improvements. We have examined the lease in question and agree with the trial court that, while the parties to the lease contemplated that the lessee would make renovating improvements, including the electrical work that was later performed by the appellant, the lease does not require such improvements to be made. There is evidence to support the trial court's conclusion that the contemplated improvements were made for the benefit of the lessee and not for the lessors and that the lessors did not especially desire the renovation contemplated *1145 by the lessee because it tended to convert the leased building from a general use property to a special use property, thereby reducing its marketability. Failure of the lessee to make improvements under the lease in this case would not have constituted a breach of the lease entitling the lessor to a legal remedy.
Appellant further claims it was excused from serving a notice to owner within the time provided in section 713.06(2)(a), Florida Statutes (1981), citing Robert L. Weed, Architect, Inc. v. Horning, 159 Fla. 847, 33 So.2d 648 (1947). That case held only that where a lease expressly required the lessee to make improvements, the lessee is deemed the owner's agent, the contractor dealing with the lessee may be construed to be in privity with the owner, and no notice to owner is required. Where, as here, the contract neither expressly nor impliedly required the lessee to make improvements, no such privity can be implied and the notice to owner is required. Masterbilt Corp. v. S.A. Ryan Motors, Inc. of Miami, 149 Fla. 644, 6 So.2d 818 (1942).
In summary, the mere fact that the parties to a lease may contemplate that the lessee will make improvements to the leasehold property is insufficient to subject the lessor's interest to mechanics' liens in favor of persons contracting with the lessee to make such improvements. The lease must, expressly or impliedly, require such improvements to be made. Only in the latter instance may lienors dealing with the lessee be deemed to be in privity with the owner and not be required to give the "notice to owner" required by section 713.06(2)(a), Florida Statutes (1981).
AFFIRMED.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] E.g., Brenner v. Smullian, 84 So.2d 44 (Fla. 1955); Masterbilt Corp. v. S.A. Ryan Motors, Inc. of Miami, 149 Fla. 644, 6 So.2d 818 (1942).