NIMMONS, Judge.
This is an appeal from a final judgment of foreclosure finding the liens of appel-lee’s construction mortgage and appellee’s purchase money mortgage to have priority over appellant’s mechanic’s lien. We affirm in part, reverse in part and remand.
Fusco-Waldrop Associates, Inc. (FW), owner of lots 35 and 36 of Seabreeze subdivision, contracted with appellant/L.M. Adamson Construction Company for the latter to build a restaurant on the property. Needing more property for the restaurant, FW entered into a lease with option to purchase lots 33 and 34 of Seabreeze and *1037 an additional parcel of land from the owner, Gulf Mortgage Systems, Inc. (Gulf). (The land subject to the lease will hereinafter be referred to as lots 33 and 34.) The lease contained a provision prohibiting FW from placing improvements on the land. The lease was recorded on July 6, 1982.
On July 2, 1982, FW and First Federal Savings and Loan Association of Andalusia (First Federal) entered into a construction loan agreement wherein FW executed and delivered a promissory note in the sum of $1,200,000 secured by a mortgage (hereinafter “construction mortgage”) on lots 35 and 36 and on FW’s leasehold interest in lots 33 and 34. This construction mortgage was recorded on July 6, 1982. In order to induce First Federal to make the construction loan, Adamson executed a lien subordination agreement whereby Adamson agreed to subordinate to the construction mortgage any and all liens with respect to lots 35 and 36. Lots 33 and 34 are not covered by the subordination agreement. A notice of commencement describing all four lots was recorded on July 6,1982, but subsequent to the recording of the construction mortgage.
Thereafter, FW decided to exercise its option to purchase lots 33 and 34 from Gulf and FW’s purchase of such lots was closed in November, 1982. In connection therewith, FW gave Gulf a $305,000 promissory note secured by a purchase money mortgage on lots 33 and 34 which was recorded on November 18, 1982.
In February, 1983, appellant completed performance of the contract. Its final draw request was not honored by FW and appellant filed a claim of lien for $303,000.
FW defaulted on the construction mortgage in July, 1983 and on the purchase money mortgage the following month. In October, 1983, First Federal acquired by assignment the Gulf purchase money mortgage.
Subsequently, First Federal sued to foreclose both the construction and purchase money mortgages. The trial court entered a final judgment of foreclosure finding both mortgages to have priority over Adamson’s mechanic’s lien.[1]
Appellant first contends that the trial court erred in determining that its mechanic’s lien is junior and inferior to the Gulf purchase money mortgage in regard to lots 33 and 34.
Appellant’s claim of lien was, of course, filed subsequent to the purchase money mortgage. However, Section 713.07(3), Florida Statutes (1981), provides that a mechanic’s lien “shall have priority over any conveyance, encumbrance or demand not recorded against the real property prior to the time such lien attached.” (e.s.) Section 713.07(2) provides that mechanic’s liens “attach and take priority as of the time of recordation of the notice of commencement.” (e.s.) The notice of commencement in the instant case was filed several months prior to the purchase money mortgage. The statute does not provide any exception for purchase money mortgages.
Contrary to the suggestion of First Federal (assignee of the subject purchase money mortgage), appellant’s mechanic’s lien was not limited to FW’s leasehold interest. Although it is true that such interest was all that FW had in lots 33 and 34 at the time appellant’s lien attached (i.e. when the notice of commencement was filed), Section 713.10 provides in pertinent part, that the mechanic’s lien extends to the right, title and interest of the person who contracts for the improvement (in this case FW)
“as such right, title, and interest exists at the commencement of the improvement or is thereafter acquired in the real property.” (e.s.)[2]
*1038 However, First Federal asserts that purchase money security interests have traditionally been accorded highest priority regardless of the time of filing and that the statutory provisions of Chapter 713 should not be read to abrogate that rule. First Federal asserts that Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892 (1930) supports such proposition. In that case, the purchase money mortgage was not recorded until after the mechanic completed his work. The mortgagor finally recorded and, shortly thereafter, the mechanic recorded his lien. Under the statutes then in effect, the mechanic’s lien was perfected when a claim of lien was filed. Notices of commencement did not exist. However, because the mortgagor caused the mechanic to work on the property under the assumption that it was unencumbered, the Supreme Court held that the mechanic’s lien had priority. It is not the holding in Van Eepoel upon which First Federal relies but rather the following principles stated therein:
The views herein expressed, affording the mechanic’s lien priority, do not conflict with the general rule that a purchase-money mortgage, made simultaneously with the conveyance to the mortgagor, takes precedence over any lien arising through the mortgagor, though the latter be prior in point of time. [Citations omitted.]
* * * * * *
[This] rule ... holding the purchase-money mortgage superior to the mechanic’s lien, is applied in cases where the mechanic’s lien is acquired for work done at the instance of the purchaser, and without the acquiescence of the vendor, prior to the execution of the mortgage, (emphasis in original)
Id. 129 S. at 897.
The statutes with which we deal are different in that the lien attaches and takes priority as of the time of the recordation of the notice of commencement. Sections 713.07(2) and (3), Florida Statutes (1981). In addition, in the instant case, there is no recording problem. Rather, the purchase money mortgage did not exist at the time the notice of commencement was filed. The contractor’s work was underway before the mortgage was executed. Van Ee-poel does not conflict with our application of the current mechanic’s lien law. The contractor who performed work without notice of the purchase money mortgage was given priority. Under the present law, mechanics rely on the notice of commencement to establish their priority. To rule against the mechanic’s lien in this case would place a more onerous burden on mechanics than is contemplated by Chapter 713.
Neither do we find that the lease provision purporting to prohibit construction on the leased property prevented the appellant from asserting his priority in this case. Section 713.10, quoted in part above, further provides:
When an improvement is made by a lessee in accordance with an agreement between such lessee and his lessor, liens shall extend also to the interest of such lessor. In the absence of fraud on the part of the lessor, the interest of the lessor shall not be subject to liens for improvements made by the lessee when the lease is recorded and the terms of the lease expressly prohibit such liability.[3]
*1039 This statute merely informs us that had the option not been exercised, i.e., had Gulf maintained its ownership interest in lots 33 and 34, the mechanic’s lien would not have extended to that interest as there was a recorded instrument prohibiting construction on the property. However, since the property was transferred to FW, it became an interest in property “thereafter acquired in the real property” by Fusco and thus subject to the mechanic’s lien.
In the remaining issue, appellant asserts that the trial court erred in holding that the First Federal construction mortgage had priority over appellant’s mechanic’s lien as to lots 33 and 34, Although the construction mortgage was recorded prior to the notice of commencement, appellant seeks reversal on the basis that the lien of First Federal’s construction mortgage did not attach to lots 33 and 34 until mortgagor/FW became owner of such lots when it exercised its option to purchase. And, appellant says, First Federal’s lien being based upon an after-acquired property theory, its lien is junior to appellant’s mechanic’s lien since the notice of commencement was recorded prior to First Federal’s exercise of its option to purchase. Appellant relies upon ITT Industrial Credit Co. v. Regan, 487 So.2d 1047 (Fla.1986), a Uniform Commercial Code case.
First Federal vigorously asserts that appellant has failed to preserve the above point for appellate review. We agree that appellant has waived such point. At the conclusion of the evidence, appellant clearly stated its position:
MR. FLEMING [Appellant’s counsel]: [W]e agree that if you can’t — if you don’t find for us on equitable subordination or equitable lien theory, then we did not prevail in any sense as to the [construction] mortgage. Our only argument on relation back and purchase money mortgage related to the purchase money mortgage itself. So they would be first as to the [construction mortgage]; we would be second as (sic) the mechanic’s lien; and they would be third as to the purchase money mortgage that they acquired under our alternative theories.
Notably absent is any assertion of the kind which appellant now seeks to make regarding an after-acquired property theory. As to the “equitable subordination” or “equitable lien theory” referred to above by counsel, the trial court found against appellant on such theories and appellant does not assert error on appeal therefor.
Insofar as the judgment erroneously held the purchase money mortgage to have priority over appellant’s mechanic’s lien, we reverse and remand for the entry of an amended judgment consistent with this opinion. We affirm the judgment insofar as it found the construction mortgage to have priority over appellant’s mechanic’s lien.
REVERSED in part, AFFIRMED in part, and REMANDED.
SHIVERS and BARFIELD, JJ., concur.

. Adamson filed various counterclaims and cross-claims including a cross-claim seeking foreclosure of its mechanic’s lien. The trial court severed such claims from First Federal’s complaint seeking foreclosure of its two mortgages and, consequently, the judgment of foreclosure which is the subject of this appeal does not purport to adjudicate Adamson’s lien foreclosure claim.

. We are not dealing with a case in which the contractor seeks to assert his mechanic’s lien against a lessor of a lessee who has contracted with the lienor. Compare Budget Electric Company v. Strauss, 417 So.2d 1143 (Fla. 5th DCA *1038 1982) (holding that a lienor under a contract with a lessee is entitled to a lien against the lessor’s interest only where the lease expressly or impliedly requires the lessee to make improvements to the leased property); see also Section 713.10, Florida Statutes (1981).
Further, the fact that the appellant did not file a "notice to owner” under Section 713.06(2)(a), Florida Statutes (1981) is not, in our view, fatal to the appellant's claim of lien against a person who, although having only a leasehold interest at the time the lien attached, thereafter acquired the fee interest. We, therefore, need not decide whether the holder of a leasehold interest is an "owner” within the meaning of the requirement of the filing of the notice to owner. See Section 713.01(12), Florida Statutes, for definition of “owner." Of course, in a situation where the mechanic’s lien is asserted against a lessor and the lienor’s contract was with the lessee, a notice to owner (lessor) is required. Budget Electric Company v. Strauss, supra.

. This portion of the statute was amended in 1985; the amendments do not affect our construction of the 1981 statute which is the version applicable in this case.