116 So.2d 660 (1959)
E & E ELECTRIC CO., Inc., a Florida Corporation, Appellant,
v.
GOLD COAST 72ND STREET DINER, INC., a Florida Corporation; A.V. Abbott, City Trade & Industries, Ltd., a New York Corporation, and George Winston, Appellees.
No. 58-726.
District Court of Appeal of Florida. Third District.
December 29, 1959.
Rehearing Denied January 13, 1960.
*661 Perlman, Litman & Sponder, Miami Beach, for appellant.
Anderson & Nadeau, Miami, for A.V. Abbott.
Myers, Heiman & Kaplan and Allen Kornblum, Miami, for City Trade & Industries, Ltd.
PEARSON, Judge.
The appellant, an electrical contractor, was plaintiff in an action to foreclose a mechanics' lien. Defendants to the action were, (1) the owners of the leasehold interest, a corporation known as Gold Coast 72nd Street Diner, Inc., (2) the owner of the fee, A.V. Abbott, who had executed the lease to Gold Coast, (3) the supplier of a prefabricated building, known as a "diner", which was placed upon the property, City Trade & Industries, Ltd., (4) a builder, George Winston, who is alleged to have been the general contractor on the job. The appeal is from an order entitled "order on pleadings" wherein the chancellor: (1) dismissed from the cause, the supplier of the prefabricated building, and (2) entered a summary decree for the defendant, who was the fee owner. The order was final as to the rights of the lienor against the supplier of the prefabricated building and the owner of the fee. The lienor has appealed and has assigned as error the entry of the aforementioned portions of the final order.
City Trade manufactures and sells prefabricated diners. Pursuant to a conditional sales contract it delivered one of these diners to Diner, Inc., for installation or erection on the premises leased by Abbott to Diner, Inc. The conditional sales contract provided that the title would remain in City Trade until the full purchase price was paid. It also provided that the diner and all equipment would be treated as personalty. The lessee of the real estate and the lienor entered into a contract for installation of the electrical equipment *662 and wiring. As a part of the installation of the diner on the premises it was necessary to erect a cement block auxiliary building at the rear of the foundation upon which the diner was placed. This auxiliary building housed a walk in icebox, the air conditioning equipment, the electrical control panel and certain other service features. The lessee did not pay E & E Electric and the latter filed a claim of lien and later a suit to foreclose the lien, in which it prayed that its lien be declared superior to any claim of the seller, City Trade, upon the completed diner. The chancellor found that the conditional vendor was entitled to the possession of the diner and that the lienor had no claim against it. This finding although labeled a decree on the pleadings was actually a summary final decree inasmuch as it was based upon facts not affirmatively appearing from the pleadings of the party against whom it was rendered. Appellant does not raise a procedural question and the matter is mentioned only to avoid confusion in terminology.
The appellant urges that this order cannot be correct because it appeared that the diner was not personal property from the nature of the installation. Cf. North Dade Plumbing Inc. v. La Salle Building Corp., Fla.App. 1959, 114 So.2d 707. City Trade urges that the chancellor was correct because the diner was designated as personal property in the conditional sales contract between City Trade and Diner, Inc. and was likewise so designated in the lease between the lessor, Abbott, and the lessee, Diner, Inc. It is true that the designation in a contract of certain property as personalty rather than realty will ordinarily bind only the parties to the property classification. See Burbridge v. Therrell, 110 Fla. 6, 148 So. 204. Here the lienor had acquiesced in the classification. The arrangement between Diner, Inc. and City Trade was that of buyer and seller. In order to secure City Trade for the balance of the purchase price the conditional sales agreement was entered into. It affirmatively appears that the lienor had knowledge of this security agreement and even though the agreement be viewed merely as a device for security, it was effective as notice to the prospective lienor that he must deal with the property subject to the superior lien of City Trade. The fact that the buyer and the seller chose a cumbersome method of expressing the lien does not render it any less of a lien. The lease agreement, through which the lienor seeks to reach any interest beyond that of the lessee, recognized the lien of City Trade. As a superior lien holder, City Trade was not a proper or a necessary party to this suit, and the order dismissing it is affirmed.
The basis of the summary judgment for the owner of the fee was the court's finding that the erection of the service building, the foundation upon which the diner was to be placed, and the installation of the wiring therein were not an improvement of the real property sufficient to support a lien claim by the lienor against the interest of the lessor.
Section 84.01, Fla. Stat., F.S.A., defines "improve" and "improvement" as follows:
"`Improve' means build, erect, place, make, alter, remove, repair or demolish any improvement upon, connected with, or beneath the surface of any land, or excavate any land, or furnish materials for any of such purposes, or perform any labor or services upon such improvement; * * *
"`Improvement' means any building, structure, erection, construction, demolition, excavation, landscaping, or any part thereof existing, built, erected, placed, made or done on land for its permanent benefit."
The appellee, A.V. Abbott, urges that it appears without genuine issue that the service building by itself was of no benefit to the realty. Further, that the wiring which went into it and under the ground on the property could not be considered an "improvement" within the meaning *663 of the statute, because the land was not made more valuable thereby. Again it is urged that it likewise appears that the lienor's only service was to a chattel which was to be placed upon the land. These facts are insufficient to defeat the lienor's claim. It is not the duty of the court to weigh the relative advantage to the fee owner of each structure erected. It is entirely possible that through mistakes in judgment it may happen that there are erected buildings which it would have been better not to build. However, the materialmen and other lienors who furnish material and services for the erection of these structures are not charged with another's mistake in judgment. It is apparent that if the work is an addition to the fee that it must, for the purpose of the mechanics' lien law, be considered an improvement thereon.
It is important to note that the placing of the diner was not only "in accordance with" the lease agreement in this case but the construction of the service building was also in accordance with the agreement.[1] Anderson v. Sokolik, Fla. 1956, 88 So.2d 511. We therefore hold that it was error to enter the summary judgment discharging the fee from the lien.
In this connection it is necessary to consider the effect of a contention of the appellee, A.V. Abbott, that the summary judgment in his favor should be affirmed because the complaint does not affirmatively show that the plaintiff-lienor complied with section 84.04(3), Fla. Stat., F.S.A. This section requires that the contractor, at the time final payment becomes due, shall give to the owner a statement under oath stating that all persons contracting directly with the contractor have been paid in full, or if the fact be otherwise, then to give a list of the names of the lienors and the amounts due them. We are not in a position, upon this record, to hold that such a statement under oath was a prerequisite of the bringing of the cause in the trial court. The theory of the lienor's case was that he was a subcontractor. If the court should find that the plaintiff was in fact contracting with the owner, then it will be the province of the trial judge to determine the applicability of said section to the facts of this case. See Orange Plumbing & Heating Company v. Wolf, Fla. 1956, 89 So.2d 671.
Accordingly this cause is remanded for further proceedings not inconsistent with this opinion.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Section 84.03(2), Fla. Stat., F.S.A., provides in part as follows:

"* * * When an improvement is made by a lessee, in accordance with a contract between such lessee and his lessor, liens shall extend also to the interest of such lessor."