PER CURIAM.
The appellants in the three above styled appeals claimed liens against property of the appellees, under the Florida Mechanics’ Lien Law, Ch. 84, Fla.Stat., F.S.A. The appellees, who will be referred to herein as the owners, obtained a rule, under § 84.23(4), requiring the respondent lien claimants to foreclose within 30 days or have their liens cancelled. They responded with separate complaints for foreclosure, the issues on which were tried together before the chancellor. A single decree was entered, dismissing the three lien foreclosure complaints with prejudice and can-celling the lien notices. The owners contracted with Jubili, Inc. to do certain excavation and for sale to the contractor of the material received. Jubili, Inc. used P. M. Walker Company, Inc. to perform the work. Appellants were sub-contractors of the Walker corporation. Their contention on these appeals is that they are entitled to liens because the transaction benefited the owners’ property and enhanced its value. No payment was provided to be made by the owners to the contractor, but the latter agreed to pay the owners for the material removed at the rate of 5‡ for each cubic yard, and to pay the owner $500 a month as a minimum, whether or not any material was removed. On the record, no amount was shown to be or remain payable by the owners to the contractor Jubili, Inc., as requisite under § 84.02, Fla.Stat., F.S.A. The chancellor ruled that the lien claims were not enforceable against the owners, and we agree.
Affirmed.