SMITH, LARRY G., Associate Judge.
Appellants Mordecai and Freda Rosen-holz, defendants in a mechanic’s lien action, appeal from a final judgment awarding a mechanic’s lien of $12,400.00 to appellee Perrine Development Company.
Defendants Rosenholz entered into a written contract to sell the property upon which the lien was imposed to Defendant Raleigh James, d/b/a Florida Quarries. Under the contract, James was authorized to have possession of the property for the purpose of excavation and removal for sale of rock and soil for which payment was to be made to the sellers at twenty cents per yard. The purchase price for the land, $27,-500.00, was due and payable in eighteen months, with all payments for rock and soil removed in the interim to be deducted from purchase price. James proceeded with the excavation and removal of rock using equipment rented from Appellee Perrine Development Company, who was plaintiff below. James subsequently defaulted on the purchase agreement, and Rosenholz resumed ownership and possession. James also failed to pay the equipment rental as agreed upon, whereupon Appellee Perrine filed suit seeking judgment against James and his partners, and enforcement of a me *1266 chanic’s lien for improvements to the property of Appellants Rosenholz. We find that the Court erred with respect to the amount of the mechanic’s lien awarded to Appellee Perrine.
We agree with Appellants’ first point, which is that amounts charged by Perrine for a rock crusher, with operator, cannot be included in the mechanic’s lien awarded against the Rosenholz property. The theory upon which plaintiff sought and was awarded a lien was that the excavation of a hole, which would fill with water, formed “lake front” property, enhancing the value of Rosenholz’ remaining lands. The record discloses that a 703 Lima drag-line was used for excavation, and a 22B dragline was used for loading of the rock and material for hauling away from the site. There is a total absence in the record of any evidence that the rock crusher contributed in any way to construction of the alleged improvements. The rock crusher rental, amounting to a total of $5,000.00 for the two month period, was therefore improperly included in the computation of the mechanic’s lien.
Appellants also complain that the trial Court, in determining a reasonable rental value for the two draglines, erroneously accepted evidence of the contract rental price agreed upon by plaintiff Perrine, lessor, and defendant James, lessee of the equipment. Florida Statutes, Section 713.-01(6) specifically provides that with respect to machinery rentals the reasonable rental value is not determinable by the contract for rental, unless the owner is a party thereto. Defendants Rosenholz were not parties to the rental contract in question.
Plaintiff Perrine presented evidence only as to the contract rental price agreed upon. Defendants Rosenholz presented no evidence whatever to contest the contract rental, and failed to interpose necessary objections to testimony concerning the contract prices at the final hearing. Under these circumstances we would ordinarily be inclined not to disturb the finding of the trial judge on this point. However, there is a total lack of evidence to form the basis for a finding as to the “reasonable rental value” of the equipment used in relation to the excavation actually made on defendant’s land. In other words, even though the trial judge might have been justified in accepting plaintiff’s rental figures as reasonable for the equipment in question, it does not follow that the full amount of such rental was necessarily expended in making the excavation itself. If the same amount of work could reasonably have been performed, for example, in one month rather than two, then plaintiff cannot recover a lien for two months rent. Unfortunately, plaintiff presented no evidence whatever concerning the amount of operating time reasonably required for the work actually done on the land. Of course, any reduction in the amount of the mechanic’s lien on this account would have no bearing upon the amount of judgment recovered by Perrine against James, the actual lessee of the equipment.
Appellants have filed notice of reliance upon the case of Harden v. Harvey, 138 So.2d 98 (Fla. 3rd DCA 1962), in which a mechanic’s lien was denied to a subcontractor who performed excavations for removal and sale of materials from the land. While we acknowledge a certain degree of factual similarity, we do not think the Harden case would apply here.
Although there was no direct evidence that Appellants’ land was enhanced in value by virtue of the excavations, a witness for plaintiff testified that he was familiar with excavations of this kind and was permitted to express his opinion that the general effect of such excavations would be to enhance the value of the remaining land by creating “lake front” property.
Defendant Mordecai Rosenholz on his deposition testified that defendant James removed approximately twenty five thousand yards of material, leaving a hole of approximately three acres in which there was water. He further testified that because of the shallowness of the excavation it would be impractical to use the remainder as water front property. However, he *1267 testified further that the property should be either reclaimed by refilling, or the excavation should be “dug deeper”. According to his testimony either alternative would be available to the land owner.
The trial Court specifically found that the machinery furnished by Perrine was used in construction of an improvement on the property sufficient to create a lien under the mechanic’s lien law. We are not inclined to disturb the trial judge’s finding on this point, even though we might have been inclined to find otherwise if we had been sitting as triers of the facts. It is clear that James, the purchaser, had authority under his written contract with Rosenholz to excavate rock and materials from the property. Appellants concede in their brief that if in doing so an improvement or enhancement in value of the property occurred, the property became subject to a lien for the reasonable rental value of the equipment used in making the excavation. We cannot say that there was no evidence of an improvement to the property, and we observe that defendants furnished no evidence that the property did not undergo improvement. Defendant Mordecai Rosenholz did not deny that improvement did occur. His testimony that the hole should be “dug deeper”, considered in the light of the other evidence, in itself furnishes a fair inference that improvement or enhancement of the property at least to some extent had begun, although whether the excavation should be continued to completion or the property refilled would at that point be a choice to be made by the owner.
In E & E Electric Co. v. Gold Coast Seventy Second Street Diner, Inc., 116 So.2d 660 (Fla. 3rd DCA 1959), the Court discussed the test to be applied in determining whether there has been “improvement” under the mechanic’s lien law, as follows (Opinion page 63):
. It is not the duty of the court to weigh the relative advantage to the fee owner of each structure erected. It is entirely possible that through mistakes in judgment it may happen that there are erected buildings which it would have been better not to build. However, the materialmen and other lienors who furnish material and services for the erection of these structures are not charged with another’s mistake in judgment. It is apparent that if the work is an addition to the fee that it must, for the purpose of the mechanics’ lien law, be considered an improvement thereon.
We adopt the Third District’s concept of “improvement”, under the mechanic’s lien law (Section 713.01(8)) as above stated. Although admittedly the improvement was not complete, the trial Court did not err in finding in this case that a three acre hole in the ground, with water in it, constituted an improvement to the real estate.
Accordingly, the judgment is affirmed in part, and reversed in part, and this cause is remanded to the trial Court for reduction of the mechanic’s lien award by eliminating the item of $5000.00 for rental of the rock crusher, and for further proceedings to determine the reasonable rental value of the two draglines for the time required for making the excavation.
Affirmed in part, reversed in part, and remanded to the trial Court with directions.
MAGER, C. J., and CROSS, J., concur.