486 So.2d 72 (1986)
Donald R. LEGAULT, Appellant,
v.
SUNCOAST LAWN Service, Inc., a Florida Corporation, Appellee.
No. 84-2467.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Oliver Addison Parker, Fort Lauderdale, for appellant.
John W. Conness, Fort Lauderdale, for appellee.
DELL, Judge.
Appellant seeks reversal of a final judgment awarding appellee damages based upon its mechanic's lien, together with costs and attorney's fees.
Appellee filed a mechanic's lien against appellant's property claiming appellant owed $2,194 for "lawn service." Appellee filed a one county complaint seeking to foreclose the mechanic's lien pursuant to Chapter 713, Florida Statutes (1985). Appellee, by failing to respond to a request for admissions, admitted that the work allegedly performed consisted of mowing appellant's lawn and cutting shrubbery. Appellant contends that cutting grass and shrubbery does not entitle appellee to a mechanic's lien pursuant to Chapter 713, Florida Statutes. We agree.
The relevant sections of Chapter 713 include:
713.05 Liens of persons in privity.  ... No person shall have a lien under this section except those lienors specified *73 in it, as their designations are defined in s. 713.01.
713.01 Definitions.  As used in this part:
... .
(7) "Improve" means ... perform any labor or services or furnish any materials in grading, seeding, sodding, or planting for landscaping purposes, including the furnishing of trees, shrubs, bushes, or plants that are planted on the real property... .
(8) "Improvement" means any ... landscaping ... done on land or other real property for its permanent benefit. [Emphasis added.]
The record before us demonstrates only that appellee performed services consisting of mowing appellant's lawn and cutting appellant's shrubbery. Section 713.01(8), Florida Statutes, requires that an improvement, in order to support a mechanic's lien, must result in a permanent benefit to the land or other real property. E. and E. Electric Co. v. Gold Coast 72nd Street Diner, Inc., 116 So.2d 660 (Fla. 3rd DCA 1959). Although planting for landscaping purposes may be considered a permanent improvement, maintenance landscaping services do not bestow a permanent benefit upon the land, and do not entitle the laborer to a mechanic's lien. D.M. Foley Co. v. North West Federal Savings and Loan Association, 122 Ill. App.3d 411, 77 Ill.Dec. 877, 461 N.E.2d 500 (Ill. 1st DCA 1984). Therefore we hold that the trial court erred when it found that appellee's services entitled it to a mechanic's lien.
Accordingly, we reverse the final judgment in favor of appellee and the trial court's judgment awarding appellee costs and attorney's fees. We remand this case to the trial court with directions to enter judgment in favor of appellant and to award appellant taxable costs and reasonable attorney's fees as provided by Section 713.29, Florida Statutes (1985).
REVERSED and REMANDED.
LETTS and WALDEN, JJ., concur.