584 So.2d 1064 (1991)
James STEVENS, et Ux., et al., Appellants/Cross-Appellees,
v.
SITE DEVELOPERS, INC., et al., Appellees/Cross-Appellants.
No. 90-1357.
District Court of Appeal of Florida, Fifth District.
August 1, 1991.
Rehearing Denied September 11, 1991.
John H. Evans of Evans, Jones & Abbot, Titusville, for appellants/cross-appellees.
John P. Grier, Melbourne Beach, for appellees/cross-appellants.
PER CURIAM.
This case involves the issue of whether a claim of a mechanic's lien is fraudulent merely because the amount judicially determined to be correct is substantially less than the amount of the lien claimed.
In addition to items for labor performed and materials furnished for the improvement of certain real property, the appellee contractor also included in his claim of lien amounts claimed as items of damages for breach of contract in the nature of loss of profits and construction delay. The amounts claimed for these items made the amount of the claimed lien greatly in excess of the amount of the mechanic's lien finally found by the trial judge, but the trial judge did not find the contractor's lien to be a fraudulent lien. The owner appeals, *1065 arguing that by including items of construction damages not covered by the mechanic's lien law, the lienor "willfully[1] exaggerated the amount for which such lien [was] claimed" and that the trial judge erred in not finding and adjudicating the lien to be fraudulent under section 713.31(2)(a), Florida Statutes. We affirm, holding that the amounts claimed as a mechanic's lien and the amount finally allowed by the trial judge do not alone determine the lien to be fraudulent as a matter of law. The trial judge still has discretion in determining the intent and good or bad faith of the lienor when he stated the amount of the lien claimed. The seeking of advice of counsel, prior to the preparation and filing of the lien, as the appellee did in this case, is evidence relevant to that inquiry. William Dorsky Associates, Inc. v. Highlands County Title, 528 So.2d 411 (Fla. 2d DCA 1988). We cannot hold as a matter of law that the trial judge abused his discretion in making the necessary finding of fact in this case.
AFFIRMED.
GOSHORN, C.J., and W. SHARP and COWART, JJ., concur.
NOTES
[1] A "willful" act is one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, ignorantly or inadvertently. A willfully exaggerated amount is an amount known and intended to be in excess of that allowed by the law under the circumstances and claimed, not in ignorant good faith, but for bad reasons, motives or purposes.