C. HERMAN WATSON, Plaintiff-Appellant, v. CLARENCE CRAIG WATSON *et al.*, Defendants (Susie Jill Buwick, Defendant-Appellee).

Third District    No. 3—90—0702

Opinion filed August 14, 1991.—Rehearing denied September 30, 1991.

March & McMillan, of Macomb (Jeff W. De Joode, of counsel), for appellant.

Lucie & Carper, of Macomb (Patricia A. Walton, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff appeals from the dismissal of his complaint to foreclose upon a mechanics' lien allegedly resulting from expenditures made by plaintiff while acting as property manager of defendants' farmland. Plaintiff urges this court to expand the plain language of the Mechanics' Liens Act (Ill. Rev. Stat. 1989, ch. 82, par. 1 *et seq.*) to include a manager of unimproved agricultural property as a contractor entitled to a lien. Without reaching that issue, we conclude that plaintiff's expenditures failed to enhance the value of the property, thereby preventing attachment of a lien. Accordingly, we affirm the dismissal of the complaint by the trial court.

Defendants, Clarence Craig Watson and Kent Watson, are sons of plaintiff, C. Herman Watson, and each an owner of undivided one-half interests in 80 acres of farmland in McDonough County. Defendant, Susie Jill Buwick, is the former wife of Clarence Craig Watson. Plaintiff initiated this action following defendant Susie Buwick's filing of a memorandum of judgment against defendant Clarence Craig Watson for a child support arrearage.

Plaintiff alleged that he and Clarence Craig Watson entered into an oral agreement requiring or permitting plaintiff to manage Clarence Craig Watson's real property interest and to pay the expenses necessary to maintain and preserve the land. In return, Clarence Craig Watson agreed to pay or reimburse plaintiff for the expenses incurred in operating, managing and preserving the land. Beginning in 1983, plaintiff made payments and advances for Federal estate tax installments, county real estate taxes, and farm operating loans. During that period, plaintiff applied $10,500 in gross receipts from the prop-

erty in reduction of total expenses incurred, leaving a deficiency of $32,743.87.

Plaintiff filed a claim for lien against the property and a complaint for enforcement of the lien. Defendant, Susie Buwick, filed a motion to dismiss, arguing that plaintiff's services failed to improve the underlying property and that plaintiff did not fall within the class of persons entitled to a lien under the Act. The trial court dismissed the complaint, finding that the rendering of services under the Act did not encompass the management of unimproved farmland. The trial court also denied plaintiff's motion to reconsider. Plaintiff appeals both orders.

In determining the propriety of the dismissal of a complaint, we must accept all properly pleaded facts as true. Therefore, we are concerned only with the question of law presented by the pleadings. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554, 328 N.E.2d 538, 539.

Section 1 of the Mechanics' Liens Act provides as follows:

> "Any person who shall by any contract *** with the owner of a lot or tract of land *** to improve the lot or tract of land or to manage a structure thereon *** or perform any services or incur any expense as a[ ] *** property manager in, for or on a lot or tract of land for any such purpose *** is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land *** for the amount due to him for such *** services ***, and interest *** from the date the same is due." Ill. Rev. Stat. 1989, ch. 82, par. 1.

Plaintiff argues simply that he is entitled to a lien because, under oral contract with the owner, he incurred expenses as a property manager. We disagree.

■ The purpose of the Act is to permit a lien upon premises where a benefit has been received by the owner *and* where the value or condition of the property has been increased or improved by reason of the furnishing of labor and materials. *First Federal Savings & Loan Association v. Connelly* (1983), 97 Ill. 2d 242, 246, 454 N.E.2d 314, 316; *Colp v. First Baptist Church* (1930), 341 Ill. 73, 76-77, 173 N.E. 67, 68.

Since mechanics' liens exist only by virtue of the statutes creating them, being recognized neither by the common law nor in equity, such statutes must be strictly construed with reference to the requirements upon which the right depends. (*Connelly*, 97 Ill. 2d at 246, 454 N.E.2d at 316; *Schmidt v. Anderson* (1911), 253 Ill. 29, 33, 97 N.E. 291, 292.) The lien is valid only if each of the statutory requirements is scrupu-

lously observed. (*Connelly*, 97 Ill. 2d at 246, 454 N.E.2d at 316.) The burden of proving that each requisite has been satisfied is on the party seeking to enforce the lien. *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.* (1989), 181 Ill. App. 3d 753, 759, 537 N.E.2d 1032, 1035.

The basis for a mechanics' lien is the performance of work or the furnishing of materials in the construction upon or improvement of land. Further, the performance or furnishing of materials must constitute an enhancement of the value of the land. Therefore, the inquiry is whether the work performed has enhanced the value of the land to be charged with the lien. *D.M. Foley Co. v. North West Federal Savings & Loan Association* (1984), 122 Ill. App. 3d 411, 415, 461 N.E.2d 500, 503.

■ Only payments and advances for Federal estate tax installments, county real estate taxes, and farm operating loans were included in the services allegedly performed by plaintiff. We conclude that payment of these expenses did not enhance the value of the farmland. Therefore, no lien could properly attach to the property.

We disagree with plaintiff's unsubstantiated theory that the value of the farmland would have decreased had he not protected the property from the attachment of liens by making timely payments of Federal estate taxes and county real estate taxes. For example, the sale of real estate subject to a tax lien does not diminish the value of the real estate. However, it usually means a credit for unpaid real estate taxes will be deducted at closing from the final sale price. Also, the failure to timely pay real estate taxes could impose interest and penalties which would similarly be deducted from the final sale price. However, the avoidance of such charges by timely payment in no way increases the value of the real estate—it merely preserves its value. Mere preservation and maintenance of value does not reach the level of enhancement required by the Act and, therefore, does not support the imposition of a lien. See *D.M. Foley Co.*, 122 Ill. App. 3d at 416-17, 461 N.E.2d at 503-04.

Following the same reasoning, we find that plaintiff's payment of loan principal for farm operating expenses related only to growing crops also fails to enhance the value of the underlying real property.

The decision of the trial court is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.