PETERSON, Judge.
Onionskin, Inc., appeals a summary judgment striking the lien it filed as a general contractor on Daniel and Sheila DeCiccio’s residence. The trial court found that the lien of $110,729.88 was willfully exaggerated or that at least the lienor had compiled his claim with such willful and gross negligence as to amount to a willful exaggeration. We agree and affirm.
Onionskin’s Exhibit 4 was a recap of the alleged total cost to remodel the DeCiccios’ residence. That cost was $368,764.14, which included 17 change orders. The amount paid to Onionskin by the DeCiccios was $258,-134.26, and the amount of the claim of lien was $110,729.88, for a total of $368,864.14.[1]
Onionskin, in the proceedings below, took the position that the total amount requested in Change Order 17[2] was not included in the claim of lien. This position is in direct conflict with the documentary evidence Onionskin presented. It is irrefutable that all the costs requested in Change Order 17, totalling $39,807.89, were included in the claim of lien because the total amount of the claim of lien, $110,729.88, added to the total amount of costs paid, $258,134.26, equaled the recap total (excepting the $100 scrivener’s error) and the recap total included Change Orders 1 through 17.
The trial court, after considering a rather lengthy affidavit in opposition to the DeCiccios’ motion for summary judgment, found that several items in Change Order 17 were “clearly not lienable by any stretch of the imagination.” After comparing the items included in Change Order 17 with the Contract Documents and the affidavit of Onionskin’s president, we agree.
Several of the items in Onionskin’s Change Order 17 are based on Onionskin’s allegation that acts of the DeCiccios caused the project to be delayed, which resulted in additional expenses for Onionskin to the fixed price contract agreed upon by the parties. In Stevens v. Site Developers, Inc., 584 So.2d *258 1064 (Fla. 5th DCA 1991), the contractor, Site Developers, included in its claim of lien, damages for breach of contract in the nature of lost profits and construction delays. The amounts claimed for these items made the amount of the claimed lien greatly in excess of the amount of the liens finally found to exist by the trial judge. The trial judge, however, did not find the contractor’s lien to be a fraudulent lien. In affirming, this court held that an amount claimed as a mechanics’ lien and the amount finally allowed by the trial judge does not alone determine the lien to be fraudulent as a matter of law because the trial judge still has discretion to determine the intent and good or bad faith of the lienor. The court also noted that seeking advice of counsel prior to the preparation and filing of the lien by the contractor, as was done in that ease, was relevant to the inquiry-regarding good or bad faith.
While advice of counsel was also utilized in the instant case prior to the filing of the lien, the pivotal difference between this case and Stevens, is that in Stevens, the trial court found the lien imposed, while including improper items, was, nonetheless, filed in good faith. See § 713.31, Fla. Stat. (1997). The trial court in the instant case, in what we find to have been a reasonable exercise of its discretion, determined no such good faith existed here, that the exaggerated lien, in fact, included many items not lienable by “any stretch of the imagination.”
We also note that section 713.05 states that a contractor is permitted to have a lien on real property for money that is owed “for labor, services, materials, or other items required by, or furnished in accordance with the direct contract.” The statute does not make any provision for increasing the amount of the lien based on an alleged breach of the contract by the property owner. The language, rather, indicates the basis of the lien is essentially for the value added to the property. While we recognize a claim of lien is not necessarily fraudulent because it includes amounts in dispute[3] and that a lien is not even to be deemed fraudulent because it is claimed in ignorant good faith[4], we find the trial court did not abuse its discretion in determining that the lien filed in this ease was willfully exaggerated and did evince bad faith in that it included many claims that were clearly not lienable.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
*259 [[Image here]]
*260 [[Image here]]

. The $100 difference between this total and the recap is apparently a scrivener's error acknowledged by the appellant and we have ignored that difference.

. A copy of Change Order 17 is attached to this opinion as an exhibit.

. Scott, P.E. v. Rolling Hills Place, Inc., 688 So.2d 937, 939 (Fla. 5th DCA 1994) ("A dispute as to the amount of money owed ... does not convert a good faith dispute into a fraudulent lien.”).

. Stevens v. Site Developers, Inc., 584 So.2d 1064, 1065, n. 1 (Fla. 5th DCA 1991).