840 So.2d 316 (2003)
Ralph LEVIN and Estelle Levin, Appellants,
v.
PALM COAST BUILDERS AND CONSTRUCTION, INC., a Florida corporation, Appellee.
No. 4D01-4662.
District Court of Appeal of Florida, Fourth District.
February 12, 2003.
Rehearing Denied April 10, 2003.
*317 Keith T. Grumer and Maidenly Sotuyo-Macaluso of Grumer & Levin, P.A., Fort Lauderdale, for appellants.
Thomas D. DeCarlo of Cameron, Davis & Gonzalez, P.A., West Palm Beach, for appellee.
KLEIN, J.
Palm Coast, which built a home for the Levins, filed a mechanic's lien alleging it had not been fully paid. Palm Coast partially recovered damages, but the court found the lien fraudulent. We affirm.
The trial court found that the lien filed by Palm Coast was fraudulent because it included nonlienable items such as pool upkeep charges, lawn maintenance charges, homeowner's association fees and utility charges. Palm Coast contends that because its building contract required it to pay for these items it could properly include them in its lien.
Our lien law defines "improvement" as something that is done for the "permanent benefit" of the land. § 713.01(14), Florida Statutes (2001). Although planting landscaping would constitute an improvement, maintaining it does not, for purposes of qualifying the labor for a lien. Legault v. Suncoast Lawn Serv., Inc., 486 So.2d 72 (Fla. 4th DCA 1986). We find no error in the trial court's conclusion that the above items were not lienable, or the finding that the lien was fraudulent. Whether this was willful exaggeration under section 713.31(2)(a) was an issue of fact. As the trial court noted, these items were not lienable "by any stretch of the imagination." Stevens v. Site Developers, Inc., 584 So.2d 1064 (Fla. 5th DCA 1991).
The Levins contend that the trial court was required as a matter of law to award them punitive damages after finding the lien to be fraudulent, relying on section 713.31(2)(c) which states that a "lienor who files a fraudulent lien shall be liable to the owner or the defrauded party in damages, which shall include ... punitive damages in an amount not exceeding the difference between the amount claimed by the lienor *318 to be due or to become due and the amount actually due or to become due."
Palm Coast responds that at no time did the Levins claim punitive damages in either the pleadings or the pretrial stipulation, nor did they comply with section 768.72, Florida Statutes, which provide the procedure for asserting punitive damage claims. We agree with Palm Coast that the Levins did have to seek punitive damages in the pleadings and comply with section 768.72 which requires a plaintiff to provide a reasonable evidentiary basis for a punitive damage claim before including it in a complaint. Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995).
We have considered the other issues raised on appeal and cross-appeal and find them to be without merit. Affirmed.
STEVENSON, J., and BAILEY, JENNIFER D., Associate Judge, concur.