KLEIN, J.
Appellant, a general contractor, appeals a judgment awarding damages to a homeowner based on a summary judgment determining that the contractor filed a fraudulent mechanics’ lien. See § 713.31(2)(a), Fla. Stat. (2001). We reverse.
*350 The contractor and the homeowner entered into an oral agreement to renovate a home. The agreement provided that the contractor would receive twenty-five percent of the profit from the sale of the home and other compensation. Before the house was sold, the contractor and homeowner had a falling out, and the contractor filed a lien. In order to establish an amount in the lien, the contractor used methods for valuing the labor and materials which were different from the oral agreement which provided that he would receive a percentage of the profit from the sale. His explanation for doing it in this manner was that he was under a statutory deadline to file the lien, but it was premature to determine profits because the home had not yet been sold. He did obtain the advice of counsel regarding the lien. We conclude that under the circumstances, whether the contractor had filed a fraudulent lien (willfully exaggerated the amount), was an issue of fact which should not have been determined on summary judgment. Stevens v. Site Developers, Inc., 584 So.2d 1064 (Fla. 5th DCA 1991); S. Motor Co. of Dade County v. Accountable Constr. Co., 707 So.2d 909 (Fla. 3d DCA 1998).
The trial court also directed a verdict on the contractor’s claim for breach of contract because of inadequate proof of damages; however, we find evidence from which a jury could have properly determined damages. In addition, the trial court misinterpreted section 713.31, Florida Statutes (2001), when it awarded punitive damages. The court concluded that it was required to award the difference between the amount claimed in the lien and the amount actually due. Section 713.31(2)(c) merely provides that the punitive damages cannot exceed that amount.
We do not agree with the contractor that, based on Levin v. Palm Coast Builders & Construction, Inc., 840 So.2d 316 (Fla. 4th DCA 2003), this homeowner cannot recover punitive damages for a fraudulent lien because it was not raised in the pleadings. This argument was not raised in the trial court and was therefore waived. We accordingly reverse and remand for the court to determine if the hen was fraudulent and for a new jury trial on the contractor’s claim for breach of contract.
FARMER, KLEIN, JJ., and MILLER, KAREN, Associate Judge, concur.