SHEPHERD, J.
This is an appeal from an Amended Order Granting Summary Judgment and ensuing Final Judgment of Foreclosure of a statutory claim of lien filed by Victoria Group Services, LLC, Victoria Security Services, LLC, Victoria Management Services, Inc., and Victoria Property Services, Inc. (the “Victoria Group”), against Parc Central Aventura East Condominium Association, Inc., a/k/a Parc Central Aventu-ra East Condominium, Inc. (Parc Central or the association), purporting to encumber more than 100 condominium units of the Parc Central East Condominium for payment of $280,737.27, owed by the association to the Victoria Group for cleaning, maintenance, concierge, and security services. We reverse the final judgment of foreclosure and dissolve the claim of lien, but remand for entry of a final money judgment in the amount sought solely against the association.
*533 This appeal arises out of a five-count complaint, filed by the Victoria Group against Parc Central for services rendered by it to Parc Central, pursuant to three separate contracts between the parties, spanning thirteen months from January 31, 2008, through the end of February 2009. The scope of the services to be provided by the Victoria Group pursuant to the first and third of the agreements reads as follows:
I. SCOPE AND SERVICES (CLEANING)
Victoria shall provide standard residential cleaning, maintenance & concierge sendees to all common areas of the building entrance and lobby, pool area, club house, []gym, activity rooms and lavatories....
Further below in the agreement, the services to be provided and their frequency are “more specific[ally]” described to include those one might expect of a company employed to perform general maintenance, upkeep, and concierge or general security services in the common areas of a condominium building, e.g., vacuuming carpets, dusting furniture, disposing of trash, maintaining floors in a “lustrous manner using proper agents,” monitoring residents and visitors entering the property, accepting packages for residents, and the like.
An intermediate agreement signed by the parties is more concise in its description of the scope of services to be provided, calling for the provision of “Concierge, Engineering, Administrative Assistant services to the building ... seven (07) days per week,” but it is clear from the record the same services were being provided pursuant to this agreement as well.
The Victoria Group purported to file the claim of lien in this case pursuant to Chapter 713 and section 718.121 of the Florida Statutes (2009). Count I of the complaint seeks to foreclose that claim of lien.[1] Counts II through IV seek money judgments against Parc Central for amounts due under each of the three service agreements, presumably as alternative pleadings to the foreclosure count. Count V, properly dismissed by the trial court, was a count for unjust enrichment. As previously indicated, the trial court first entered an amended order on summary judgment in the sum of $280,737.27, reflecting the total amount due under the three agreements, followed by a Final Judgment of Foreclosure on the individual condominium units under Chapter 713 and section 718.121 of the Florida Statutes.
Parc Central’s first point on appeal is that the trial court erred in foreclosing the claim of lien filed pursuant to Chapter 713 and section 718.121 of the Florida Statutes. We agree.
It is apodictic that the fundamental purpose of Chapter 713 of the Florida Statutes, commonly known as this state’s “Mechanics’ Lien Statute” or by its short title, the “Construction Lien Law,” is “to protect those who have provided labor and materials for the improvement of real property.” WMS Constr., Inc. v. Palm Springs Mile Assocs., Ltd., 762 So.2d 973, 974-75 (Fla. 3d DCA 2000) (emphasis added); see also Prof'l Plastering & Stucco, Inc. v. Bridgeport-Strasberg Joint Venture, 940 So.2d 444, 453 (Fla. 5th DCA 2006). Section 713.01(15) of the Mechan *534 ics’ Lien Statute defines an “improvement” to mean “any building, structure, construction, demolition, excavation, solid-waste removal, landscaping, or any part thereof existing, built, erected, placed, made, or done on land or other real property for its permanent benefit.” (emphasis added). The qualifying benefit contemplated by this definition is an addition to the fee. E & E Elec. Co. v. Gold Coast 72nd St. Diner, Inc., 116 So.2d 660, 663 (Fla. 3d DCA 1959) (“It is apparent that if the work is an addition to the fee that it must, for the purpose of the mechanics’ hen law, be considered an improvement thereon.”). This is so even if the addition to the fee does not make the land more valuable. Id. (“It is not the duty of the court to weigh the relative advantage to the fee owner of each structure erected. It is entirely possible that through mistakes in judgment it may happen that there are erected buildings which it would have been better not to build.”).
Perhaps because the point is self-evident, the case law treating the issue before us is sparse. We note, however, that twenty-six years after our decision in E & E Electric, the Fourth District Court of Appeal adverted to our analysis in E & E Electric in concluding that lawn mowing and shrubbery cutting services were not lienable under Florida’s Mechanics’ Lien Law, although the actual planting of plants and trees might be. Legault v. Suncoast Lawn Serv., Inc., 486 So.2d 72, 73 (Fla. 4th DCA 1986). Similarly, the only other state court our research revealed to have considered an analogous factual circumstance, concluded the services provided in that case-cleaning of stairways, washroom grouting, and sealing of washroom walls-were not lienable under that state’s mechanics’ lien law. See Lyons Sav. v. Gash Assocs., 279 Ill.App.3d 742, 216 Ill.Dec. 266, 665 N.E.2d 326, 331 (1996). Like the Fourth District Court of Appeal in Legault, the Illinois District Court of Appeal opined that “[wjhile mere maintenance of property is non-lienable, [] Watson v. Watson, 218 Ill.App.3d 397, 161 Ill.Dec. 148, 578 N.E.2d 275, 278 [Ill.App.Ct.1991 (payments and advances for federal estate tax installments, county real estate taxes and farm operating loans) ], cleaning the mess of demolition and construction is lien-able.” Id. (citing Cleveland Wrecking Co. v. Cent. Nat’l Bank, 216 Ill.App.3d 279, 160 Ill.Dec. 101, 576 N.E.2d 1055, 1061 (1991)). Parc Central Condominium was not a condominium under construction during the time the Victoria Group was providing services to it.
Additionally, we disagree with the Victoria Group’s contention it has an independent right to a claim of lien under section 718.121. As pointed out by Parc Central, we rejected that principle several years ago. See Trintec Constr., Inc. v. Countryside Vill. Condo. Ass’n, 992 So.2d 277, 279 (Fla. 3d DCA 2008) (“[Sjection 718.121(3) confirms that if a valid lien encumbers multiple condominium parcels, each owner of an encumbered parcel may exercise the rights of a property owner under Chapter 713 ....”) (emphasis added). Finally, we agree the affidavit filed by the Victoria Group in opposition to the motion for summary judgment just one day before the hearing on the motion, but where the decision of the trial court was delayed on its own volition for the receipt of additional legal memoranda from the parties, was filed late under Florida Rule of Civil Procedure 1.510(c). Cf. Rodriguez v. Tri-Square Constr., Inc., 635 So.2d 125, 127 (Fla. 3d DCA 1994) (reaching a contrary result where summary judgment hearing was continued).
For the foregoing reasons, we reverse the Final Judgment of Foreclosure in this case and remand with the direction to *535 dissolve the claim of lien filed against the property. We further direct the trial court to enter judgment in favor of the Victoria Group and against the Parc Central Aventura East Condominium Association, Inc., consistent with the terms of the Amended Order Granting Summary Judgment.
Reversed and remanded with directions.

. The Victoria Group contends that because the services in this case were “authorized by the association,” they "are deemed to be performed or furnished with the express consent of each unit owner and may be the basis for the filing of a lien against all condominium parcels” within the meaning of section 718.121. The fallacy of this argument is explained infra.