SAWAYA, J.
Daniel Medellin and Susan Medellin (“Appellants”) appeal a Final Judgment finding that MLA Consulting, Inc. d/b/a UBuildlt (“UBuildlt”) was not liable for filing a fraudulent lien against Appellants’ real property or for Appellants’ attorney’s fees for defending against UBuildlt’s unsuccessful claims for breach of contract and foreclosure of lien. Appellants also appeal the finding in the Final Judgment that Monty L. Anderson, UBuildlt’s owner and president, did not commit slander of title. The issues we must resolve are whether: 1) the trial court erred in concluding that because UBuildlt had a good faith belief that it was owed a certain amount under its contract with Appellants, a finding that the lien filed by UBuildlt was fraudulent under section 713.31, Florida Statutes (2008), was necessarily precluded; [1] 2) the trial court erred in concluding that Anderson did not commit slander of title; and 3) Appellants are a prevailing party for purposes of awarding attorney’s fees and costs.
Appellants and UBuildlt entered into a written contract whereby UBuildlt was to provide consulting services to guide Appellants through the process of building their home. Unlike the traditional arrangement between an owner and a general contractor, UBuildlt was to “provide the owner with information so that the owner can act as [his/her] own general contractor.” UBuildlt is not a licensed general contractor or architect. The contract states that the services would be provided in two phases and further requires a separate fee to be paid for each phase. The contract also permits either party to terminate the contract upon providing the other party five days’ notice.
The first phase is the “Planning Phase,” which includes services for site review, budget meeting, plans review, specifications meeting, and an estimation of the project costs. The contract required a fee of $5,000 upon completion of this phase. The second phase is the “Construction Phase,” which includes (a) the UBuildlt Construction Manual and Project Management System; (b) assistance by explaining the UBuildlt System during construction; (c) a consultant’s review of subcontractors’ bids; (d) 22 site visits; and (e) additional site visits with attendant extra charges. The fee for the Construction Phase is $28,000.
After UBuildlt performed all of the Planning Phase services, Appellants paid the required $5,000 fee but, prior to commencement of the Construction Phase, terminated the contract under the five-day notice provision. UBuildlt then sent Appellants an invoice for 35% of the Construction Phase fee, $9,761.54, which the contract specified was “due upon date of execution of Construction Phase services.” UBuildlt also filed a Claim of Lien on Appellants’ property in the amount of $28,352.60, which is the entire fee for the Construction Phase of the contract. Anderson signed an affidavit in support of the lien. Appellants filed a contest of that lien, triggering UBuildlt to bring suit against Appellants claiming breach of contract and seeking to foreclose its mechan *374 ic’s lien pursuant to chapter 713, Florida Statutes. Appellants filed a counterclaim against UBuildlt for filing a fraudulent lien and against Anderson for slander of title.
At the conclusion of the non-jury trial, the trial court ruled that Appellants did not breach the contract and did not owe UBuildlt any additional fees under the contract because the Construction Phase had not yet begun when Appellants terminated the contract. The trial court found that the contract was ambiguous as to when the Construction Phase began and, because UBuildlt was the drafter of the contract, ruled in favor of Appellants. The trial court also found that UBuildlt had not filed a fraudulent lien because UBuil-dlt had reason to believe that it was entitled to the $28,352.60.
Appellants filed a motion to alter or amend the judgment on the ground that the trial court had not addressed Appellants’ argument that the lien was fraudulent because UBuildlt was not entitled to assert a lien under chapter 713, Florida Statutes (2008). In denying the motion, the trial court ruled that it was precluded from addressing Appellants’ arguments because UBuildlt had a good faith belief that it was owed $28,352.60 under the contract.
We agree with Appellants that a trial court is permitted to conclude that a lien was fraudulently filed where the lien is based on services that cannot support a lien under chapter 713, even if the lienor had a good faith belief that it was owed money by the property owner. Section 713.31(2) provides, in relevant part:
(a) Any lien asserted under this part in which the lienor has willfully exaggerated the amount for which such lien is claimed or in which the lienor has willfully included a claim for work not performed upon or materials not furnished for the property upon which he or she seeks to impress such lien or in which the lienor has compiled, his or her claim with such willful and gross negligence as to amount to a willful exaggeration shall be deemed a fraudulent lien.
(b) [A] minor mistake or error in a claim of lien, or a good faith dispute as to the amount due does not constitute a willful exaggeration that operates to defeat an otherwise valid lien.
(Emphasis added).
The trial court’s error in interpreting this provision can be gleaned from the following sentence in the Final Judgment: “If there is a minor mistake or a good faith dispute as to the amount owed ... the statute [section 713.31] precludes the finding of a fraudulent lien.” (Emphasis added). Section 713.31(2)(b) provides, instead, that neither a good faith dispute as to the amount owed nor a minor mistake is sufficient to support a finding that a lien is fraudulent. This is quite different from the trial court’s ruling that a good faith dispute as to the amount owed, or a minor mistake, necessarily requires a finding that the lien is not fraudulent.
This court has held that a trial court can determine that a lien is fraudulent notwithstanding a good faith dispute as to the amount owed under a contract. In particular, a trial court can conclude that a lien is fraudulent where the underlying claim does not support a lien under chapter 713. In Onionskin, Inc. v. DeCiccio, 720 So.2d 257, 257 (Fla. 5th DCA 1998), this court affirmed a trial court’s finding that a lien was willfully exaggerated and, therefore, fraudulent, where the lienor filed a lien based on claims of damages for breach of contract and lost profits because, as the trial court put it, these items are “clearly not lienable by any stretch of the imagina *375 tion.”[2] The Onionskin court makes clear, however, that including such items does not constitute a willful exaggeration as a matter of law. “[A]n amount claimed as a mechanics’ lien and the amount finally allowed by the trial judge does not alone determine the lien to be fraudulent as a matter of law because the trial judge still has discretion to determine the intent and good or bad faith of the lienor.” Id. at 258. This court further explained:
We also note that section 713.05 states that a contractor is permitted to have a lien on real property for money that is owed “for labor, services, materials, or other items required by, or furnished in accordance with the direct contract.” The statute does not make any provision for increasing the amount of the lien based on an alleged breach of the contract by the property owner. The language, rather, indicates the basis of the lien is essentially for the value added to the property. While we recognize a claim of lien is not necessarily fraudulent because it includes amounts in dispute and that a lien is not even to be deemed fraudulent because it is claimed in ignorant good faith, we find the trial court did not abuse its discretion in determining that the lien filed in this case was willfully exaggerated and did evince bad faith in that it included many claims that were clearly not lienable.
Id. at 258 (footnotes omitted); see also Ponce Inv. Inc. v. Fin. Capital of Am., 718 So.2d 280, 282 (Fla. 3d DCA 1998) (reversing the trial court’s finding that the lien was filed in good faith because the lien “included ... amounts for items which, under any view of the case, were not properly part thereof. As previously noted, amounts included attorney’s fees, overhead, and items previously paid for.”).
The court in Onionskin cited Stevens v. Site Developers, Inc., 584 So.2d 1064, 1065 (Fla. 5th DCA 1991), where this court affirmed a finding that a lien was not -willfully exaggerated even though it included claims for breach of contract damages and lost profits. The Onionskin court explained that
the pivotal difference between this case and Stevens, is that in Stevens, the trial court found the lien imposed, while including improper items, was, nonetheless, filed in good faith. The trial court in the instant case, in what we find to have been a reasonable exercise of its discretion, determined no such good faith existed here....
720 So.2d at 258 (citation omitted).
The decisions in Onionskin and Stevens clearly hold that a trial court may or may not find that a lienor willfully exaggerated a lien where the underlying claim does not support a lien under chapter 713. These decisions also make it clear that a good faith dispute as to the amount owed does not necessarily mean as a matter of law that a lien is not fraudulent. Here, UBuil-dlt did not perform labor or services constituting an improvement on Appellants’ property that would give UBuildlt a right to file a lien on the property. See §§ 713.02(3), 713.05, Fla. Stat. (2008). Rather, its lien was based on breach of contract and lost profits, which are not . a proper basis for a lien. Onionskin. Appellants correctly assert that a trial court can conclude that a lien was willfully exaggerated where the lienor included claims *376 that were not lienable, notwithstanding the lienor’s good faith belief that he or she is entitled to payment. Accordingly, the trial court misinterpreted section 713.31 when it determined that it could not address Appellants’ arguments that UBuildlt’s lien was willfully exaggerated given that UBuildlt included claims that were not lienable. We must, therefore, reverse that part of the final judgment denying Appellants’ claim for fraudulent lien and remand this case to the trial court to address that issue in a manner consistent with this opinion.
The trial court ruled that Appellants could not succeed in their claim for slander of title against Anderson because UBuildlt filed its lien to protect its interest under the contract it had with Appellants. However, on remand, the trial court should reevaluate its ruling on the slander of title claim in light of the fact that the lien was not based on lienable services. See McAllister v. Breakers Seville Ass’n, Inc., 981 So.2d 566, 573 (Fla. 4th DCA 2008) (“ Tn a disparagement action the plaintiff must allege and prove the following elements: (1) A falsehood (2) has been published, or communicated to a third person (3) when the defendant-publisher knows or reasonably should know that it will likely result in inducing others not to deal with the plaintiff and (4) in fact, the falsehood does play a material and substantial part in inducing others not to deal with the plaintiff; and (5) special damages are proximately caused as a result of the published falsehood.’ ” (quoting Bothmann v. Harrington, 458 So.2d 1163, 1168 (Fla. 3d DCA 1984))).
Finally, Appellants contend that the trial court erred in failing to award them attorney’s fees as the prevailing parties in the instant case since Appellants successfully resisted UBuildlt’s claim for a mechanic’s lien. We agree. See Heidle v. S & S Drywall & Tile, Inc., 639 So.2d 1105, 1106 (Fla. 5th DCA 1994) (“[A] landowner who successfully resists a mechanic’s lien claim is entitled to an attorney’s fee under this section, even if the landowner fails to prevail on a competing claim such as one for slander of title, see O’Kon & Co., Inc. v. Riedel, 588 So.2d 1025 (Fla. 1st DCA 1991), or for breach of contract. See Java v. Atlas, Inc., Gen. Contractors, 500 So.2d 606 (Fla. 1st DCA 1986).”). On remand, the trial court should determine the amount of fees to award Appellants.
We reverse that part of the final judgment denying Appellants’ claims for fraudulent lien, slander of title, and attorney’s fees. We remand this case for further proceedings on those issues consistent with this opinion.
REVERSED and REMANDED for further proceedings.
ORFINGER, C.J. and LAWSON, J., concur.

. The trial court’s order refers to the 2007 statutes, but the contract was not signed until 2008. We will refer to the 2008 statutes.

. See also Levin v. Palm Coast Builders & Const., Inc., 840 So.2d 316, 317 (Fla. 4th DCA 2003) (“We find no error in the trial court’s conclusion that the above items were not lien-able, or the finding that the lien was fraudulent. Whether this was willful exaggeration under section 713.3 l(2)(a) was an issue of fact. As the trial court noted, these items were not lienable ‘by any stretch of the imagination.’ ”).