# Third District Court of Appeal
## State of Florida

Opinion filed April 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-829
Lower Tribunal No. 17-27917
_____

**Maxzak, Inc.,**
Appellant,

vs.

**Walgreen Co.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Read Law PLLC, and Alexis S. Read, for appellant.

Mitrani, Rynor, Adamsky & Toland, P.A., and James J. Webb (Weston), for appellee.

Before LOGUE, SCALES and LOBREE, JJ.

SCALES, J.

Maxzak, Inc. ("Landlord"), the defendant/counter-plaintiff below, appeals entry of partial summary judgment in favor of Walgreen Co. ("Walgreens"), the plaintiff/counter-defendant below, on Landlord's claims seeking to evict Walgreens from the subject leased property.[1] Specifically, Landlord argues that the trial court abused its discretion by refusing to allow Landlord to submit certain counterevidence after the initial summary judgment hearing. Under the facts and circumstances of this case, we conclude that the trial court did not abuse its discretion.

Florida Rule of Civil Procedure 1.510(c) requires the party opposing summary judgment to identify any summary judgment evidence the party intends to rely upon "at least 5 days prior to the day of the [summary judgment] hearing if service by mail is authorized, or delivered, electronically filed, or sent by e-mail no later than 5:00 p.m. 2 business days prior to the

---

[1] Notwithstanding Landlord's characterization to the contrary, the challenged partial summary judgment order is not a final judgment because the trial court has not yet adjudicated Walgreens' claim for breach of contract against Landlord. See Fla. R. App. P. 9.110(k); Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 562 (Fla. 3d DCA 2015) ("Rule 9.110(k) provides for appellate jurisdiction to hear a partial final judgment only when the claims adjudicated by that order are separate and independent from the portion of the case still to be adjudicated.  If all claims arise from the same set of facts, an order resolving fewer than all of the counts is not appealable under Rule 9.110(k).") (citations omitted). We, nevertheless, have jurisdiction because the partial summary judgment order determines a party's right to immediate possession of the subject property. See Fla. R. App. P. 9.130(a)(3)(C)(ii).

day of the hearing[.]" Here, the only counterevidence submitted by Landlord prior to the scheduled October 14, 2019 summary judgment hearing was the parties' lease agreement, the correspondence between the parties with respect to the underlying dispute, and the affidavit of Landlord's principal, Fred Chikovsky.

At the October 14, 2019 summary judgment hearing, after the trial court announced that it was ready to enter summary judgment in Walgreens' favor on Landlord's eviction claims and stated its reasons for doing so, Landlord's counsel represented to the court that a pivotal page was missing from the parties' lease agreement. Based on counsel's representation, the trial court continued the hearing for the limited purpose of providing Landlord the opportunity to submit the purportedly missing page to the court and to allow the parties to make additional legal arguments with respect to a provision purportedly contained therein. Notwithstanding the trial court's ruling, Landlord did not file with the court the purportedly missing page from the subject lease.[2] Instead, on October 30, 2019, Landlord submitted the second affidavit of Landlord's principal, Fred Chikovsky. Then, on January

---

[2] The transcript of the continued summary judgment hearing reflects that the missing page does not exist.

22, 2020, Landlord submitted the deposition of Walgreens' regional manager, Joe Rieger.

While it is generally true that a party may submit additional counterevidence after a summary judgment hearing where the hearing is not completed and is continued to a future date, see Wells Fargo Bank, N.A v. Bilecki, 192 So. 3d 559, 561 (Fla. 4th DCA 2016), the same is not true where, as here, the trial court continues the hearing merely to accommodate a party's request to submit limited additional evidence that should have been provided at the initial hearing. See Ins. Co. of N.A. v. Julien P. Benjamin Equip. Co., 481 So. 2d 511, 514 (Fla. 1st DCA 1985) ("At the request of INA, made at the first scheduled hearing on the motion, the trial court, acting well within its discretion, granted a continuance of the hearing to another date certain on condition that INA would not be permitted to file affidavits or other documents and thereby generate new issues not already made."); see also Parc Cent. Aventura E. Condo. v. Victoria Grp. Servs., LLC, 54 So. 3d 532, 534 (Fla. 3d DCA 2011) ("[W]e agree the affidavit filed by the Victoria Group in opposition to the motion for summary judgment just one day before the hearing on the motion, but where the decision of the trial court was delayed on its own volition for the receipt of additional legal memoranda from the parties, was filed late under Florida Rule of Civil Procedure 1.510(c).").

Because Landlord's additional counterevidence was clearly beyond the scope of the limited purpose of the continued summary judgment hearing, we conclude the trial court did not abuse its discretion in striking, as untimely, this additional counterevidence.

Affirmed.